Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                  Chapter 11
RS OLD MILL, LLC,                                              Case No. 17-22218

                              Debtor.
-------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK    )
                                            ) ss.:
COUNTY OF NEW YORK  )

YEHUDA SALAMON, being duly sworn, deposes and says:

1. I am the sole member of RS Old Mill, LLC, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein.

2. The Debtor is a Delaware limited liability company which was formed for the sole purpose of purchasing and acquiring title to certain real property located at 25 Old Mill Road, Suffern and Montebello, New York (the "Property"), which is a commercial warehouse/distribution facility.

3. On February 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered.

4. The impetus for the Debtor's bankruptcy filing was a dispute with the seller of the Property. Specifically, on or about November 28, 2016, the Debtor, as purchaser, and Novartis Corporation ("Novartis"), as seller, entered into a written Agreement of Sale (the "Sale Agreement") pursuant to which the Debtor agreed to purchase the Property for the sum of $18,000,000. The Debtor is currently in possession of third-party funds totaling $2,500,000 representing the downpayment required under the Sale Agreement.

5. As part of its due diligence, the Debtor sought to conduct an invasive environmental investigation of the Property. Novartis refused to consent to any such investigation and refused all efforts made by the Debtor to negotiate mutually agreeable parameters for the investigation. On February 10, 2017, and fearing cancellation of the Sale Agreement as a result of its resulting inability to conclude its due diligence within the time permitted therefor under the Sale Agreement, the Debtor commenced an action against Novartis in the Supreme Court of the State of New York, County of Rockland, titled RS Old Mill, LLC v. Novartis Corporation, Index No. 030713/2017, seeking declaratory and injunctive relief, as well as specific performance, in connection with the Sale Agreement. The Debtor filed its chapter 11 petition so as to stay the termination of the Sale Agreement.

6. Pursuant to LBR 1007(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

7. Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of the entities believed to be the twenty largest unsecured creditors of the Debtor, excluding insiders, has been or shortly will be filed with the Court.

8. Pursuant to LBR 1007-2(a)(5), a list containing the names and addresses of the entities believed to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule

D which has been or shortly will be filed with the Court.

9. Pursuant to LBR 1007-2(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules A/B, D, and E/F which have been or shortly will be filed with the Court.

10. Pursuant to LBR 1007-2(a)(7), the issued and outstanding interests in the Debtor are all privately held.

11. Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

12. Pursuant to LBR 1007-2(a)(9), the Debtor does not presently own any real property.

13. Pursuant to LBR 1007-2(a)(10), all of the corporate assets and books and records are located with the Debtor.

14. Pursuant to LBR 1007-2(a)(11), other than the action commenced by the Debtor against Novartis described above, there are no pending or threatened actions or proceedings against the Debtor.

15. Pursuant to LBR 1007-2(a)(12), the Debtor's management consists of myself and Yoel Kaufman.

16. Pursuant to LBR 1007-2(b)(1), the Debtor estimates that its gross payroll for employees exclusive of officers for the thirty (30) day period following the Petition Date will be $0.

3

17. Pursuant to LBR 1007-2(b)(2), the amount proposed to be paid for services for the thirty (30) day period following the Petition Date to the officers, directors, and stockholders is $0.

18. Pursuant to LBR 1007-2(b)(3), the Debtor does not anticipate that it will have any cash receipts during the thirty (30) day period following the Petition Date. The Debtor's expenses for the same period (other than professional fees in connection with this case) should be $0.

19. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
YEHUDA SALAMON

Sworn to before me this
___ day of February, 2017

_____
ALLEN M____
Notary Public, State of New York
No. 0_____
Qualified in Kings County
Commission Expires Aug. 20, 2018

4