UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Chapter 11

RS OLD MILL, LLC                                          Case No: 17-22218-RDD

                         Debtor.
------------------------------------------------------------x

**APPLICATION FOR ORDER AUTHORIZING RETENTION
OF GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP AS
SUBSTITUTE BANKRUPTCY COUNSEL TO THE DEBTOR**

**TO THE HONORABLE ROBERT D. DRAIN:
UNITED STATES BANKRUPTCY JUDGE:**

The Application of RS Old Mill, LLC (the "Debtor") seeking retention of the law firm of Goldberg Weprin Finkel Goldstein LLP ("GWFG") as substitute counsel for the Debtor, represents and shows this Court as follows:

**Preliminary Statement**

1. Due to disturbing events regarding the alleged unauthorized transfer of the Debtor's property rights as set forth in a proposed adversary compliant, the Debtor is seeking to retain substitute bankruptcy counsel while litigation is prosecuted against Bridgewater Capital Partners LLC, Suffern Partners LLC and others.

2. Contemporaneously herewith, the Debtor terminated the retention of Pick & Zabicki LLP, and has selected GWFG as its proposed new bankruptcy because of the firm's long experience in bankruptcy matters. The Debtors believes that the firm can bring an independent approach to handling this new aspect of the bankruptcy case.

3. The pertinent facts and circumstances giving rise to the need to retain substitute counsel have been set forth in the underlying adversary complaint, and the procedural narrative from the proposed complaint is summarized below.

## Background

4. On February 13, 2017, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. By Order dated April 10, 2017 (ECF #30), the law firm of Pick & Zabicki LLP was retained as counsel to the Debtor.

6. The Chapter 11 petition was filed to obtain additional time for the Debtor, as buyer, to close on a sales contract (the "Contract") with Novartis Corporation "Novartis"), as seller, to purchase real property located at 25 Old Mill Road, Suffern, NY (the "Novartis Property"), following proposed environmental testing.

7. On motion of Novartis, the automatic stay was previously vacated by Order dated March 27, 2017 (ECF #23) to allow the State Court to determine whether the Debtor was entitled to additional environmental testing. After the State Court ruled against the Debtor, the parties returned to the Bankruptcy Court for additional proceedings involving Novartis' motion to compel assumption or rejection of the sales contract.

8. In the meantime, the Debtor obtained mortgage financing commitments from Bridgewater Capital Partners LLC ("Bridgewater") and readied itself to close under the Contract. A series of orders were entered by the Bankruptcy Court, resulting in an extended closing to early September 2017.

9. During this period, Bridgewater and its attorneys represented that sufficient funds were already on deposit in escrow to fund the mortgage loan and allow the Debtor to close on the Contract and purchase the Novartis Property. Apparently Bridgewater was not in a position to fund the loan, and a substitute lender was recruited to make the loan subject to the proviso that it purportedly could not lender to an entity in Chapter 11.

10. To address this issue, it appears that a series of dubious transactions were engineered to transfer the Novartis Property to other entities controlled by Bridgewater and affiliates for purpose of closing the loan.

11. The Debtor was not properly informed as to the extent and significance of what was transpiring, and wound up seeing the Novartis Property transferred to an entity known as Suffern Partners LLC ("Suffern") for some $30 million, with the Debtor's estate receiving no consideration and losing the benefit of its deposit.

12. The situation demands a thorough review and the Debtor now seeks to retain GWFG as its proposed new bankruptcy counsel, to work in conjunction with the law firm of Levine & Associates P.C. as proposed special litigation counsel to enforce all of the Debtor's rights and remedies.

### Services to be Provided

13. The professional services that GWFG will render include but are not limited to the following:

   (a) Coordinating with special counsel in prosecuting the adversary proceeding;

   (b) Preparing all necessary applications, motions, and plan documents to enable the Debtor to emerge from Chapter 11; and

   (c) All administrative matters ancillary to the Chapter 11 case.

14. To the best of the Debtor's knowledge, and as set forth in the accompanying Declaration of Disinterestedness of Kevin J. Nash, Esq., GWFG has no interests adverse to the Debtor, its creditors, or other parties in interest.

WHEREFORE, the Debtor requests entry of the pre-fixed order authorizing the retention of Goldberg Weprin Finkel Goldstein LLP as substitute attorneys herein, together with such other and further relief as is just, proper and equitable.

Dated: New York, New York
      March 29, 2019

                                  RS Old Mill LLC

                                  By: _____
                                          Yehuda Salamon