|  |  |
|---|---|
|  | Presentment Date:  April 19, 2019 |
|  | Presentment Time:  12:00 noon |
|  | Objection Date:  April 18, 2019 |

Rosemarie E. Matera, Esq.
Kurtzman Matera, P.C.
80 Red Schoolhouse Road
Suite 110
Chestnut Ridge, NY 10977
(845) 352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                        Chapter 7

RS OLD MILL, LLC,                                              Case No. 17-22218(RDD)

                            Debtor
------------------------------------------------------------x

**OBJECTION OF BRIDGEWATER CAPITAL PARTNERS, LLC,
ISAAC GENUTH, MARK YUNGER AND GOLDIE REISMAN TO
THE RETENTION OF GOLDBERG WEPRIN FINKEL GOLDSTEIN, LLP
<u>AS SUBSTITUTE BANKRUPTCY COUNSEL TO THE DEBTOR</u>**

      Bridgewater Capital Partners, LLC, Isaac Genuth, Mark Yunger and Goldie Reisman, parties in interest herein (collectively, "Objectors") through their counsel, Kurtzman Matera, P.C., hereby submit this Objection to RS Old Mill, LLC's ("Debtor") Application for Order Authorizing Retention of Goldberg Weprin Finkel Goldstein, LLP, as Substitute Bankruptcy Counsel to the Debtor and respectfully set forth as follows:

      1.     The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on February 13, 2017 ("Chapter 11 Case").

      2.     By Order dated April 10, 2017, the law firm of Pick & Zabicki, LLP ("Pick") was retained as counsel to the Debtor

      3.     Following litigation in the State Court and before this Honorable Court, Pick sought a dismissal of the Chapter 11 Case (Dkt. Nos. 67 and 71) in November, 2017.  A single creditor,

Romaro LLC objected (Dkt. No. 74).  No hearing has, to date, been held on that application.

4.      Serious considerations are raised by the proposed substitution.  First among them are the very need and reasons for such event, including who may be the driving force behind the request, the role of Levine & Associates, P.C.[1], proposed special litigation counsel, and Marty Stern, referenced in both the Declarations of Kevin J. Nash, Esq. and Michael Levine.

5.      Professionals employed by a debtor under Section 327(a) of the Bankruptcy Code must not hold or represent an interest adverse to the estate and must be disinterested.  11 U.S.C. §§ 327(a), 1107(a).  "'It is hornbook bankruptcy procedure that professional retention must be based upon careful review and full disclosure by the prospective professionals, and that the prospective professionals must be free of any personal interests or connections that are at odds with the interests of the entities they intend to represent'."  In re Mercury, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002), quoting In re National Liquidators, 171 B.R. 819, 826 (Bankr. S.D. Ohio 1994), aff'd in part, rev'd in part, 182 B.R. 186 (S.D. Ohio 1995).

6.      The Second Circuit has found that a professional holds or represents an interest adverse to the estate where:

> (1)[it] possess[es] or assert[s] any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or
> (2)[It] possess[es] a predisposition under circumstances that render such a bias against the estate.

In re Arochem Corp., 176 F. 3d 610, 623 (2d Cir. 1999).  The District Court in In re Ampal-American Israel Corp.,554 B.R. 604, 610 (S.D.N.Y. 2016), stated that "an adverse interest includes any interest or relationship, however slight, that would even faintly color the independence and impartial attitude required by the Code and the Bankruptcy Rules."  (Citations omitted).

7.      Given the allegations raised in Adversary Proceeding No. 19-08243(RDD)

---

[1] Objection will be filed to this firm's retention as well.

intertwined with the pending dismissal application, the proposed substitution demands serious inquiry and examination of ethical considerations. There is a story to be told and this Court needs to fully examine the professional participants before retention.

    WHEREFORE, it is respectfully requested that the retention of Goldberg Weprin Finkel Goldstein, LLP be denied.

Dated:  Spring Valley, New York
        April 17, 2019

                      KURTZMAN MATERA, P.C.

                      /s/ Rosemarie E. Matera
                      Rosemarie E. Matera, Esq.