Rosemarie E. Matera, Esq.
Kurtzman Matera, P.C.
80 Red Schoolhouse Road
Suite 110
Chestnut Ridge, NY 10977
(845) 352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| RS OLD MILL, LLC, | Case No. 17-22218(RDD) |
| Debtor | |

------------------------------------------------------------x

RS OLD MILL, LLC,

                Plaintiff,

  - against -                                                Adversary Proceeding

SUFFERN PARTNERS LLC, BRIDGEWATER          Case No. 19-08243(RDD)
CAPITAL PARTNERS, LLC, ISAAC GENUTH, MARK
YUNGER, aka MARK JUNGER, GOLDIE REISMAN,
MOSES REICHMAN, RS OLD MILLS RD LLC,
DAVID FLEISCHMANN, THOMAS LANDRIGAN and
CPIF LENDING, LLC,

                Defendants

--------------------------------------------------------------x

**JOINDER OF BRIDGEWATER CAPITAL PARTNERS, LLC,
ISAAC GENUTH, MARK YUNGER AND GOLDIE REISMAN IN MOTION OF
SUFFERN PARTNERS, LLC. TO APPROVE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS *NUNC PRO TUNC*, TO DISMISS THE
CHAPTER 11 CASE AND FOR DISMISSAL AND/OR ABSTENTION AS
<u>TO ALL CLAIMS IN THE ADVERSARY PROCEEDING</u>**

     **TO:**    **HONORABLE ROBERT D. DRAIN
             UNITED STATES BANKRUPTCY JUDGE**

        Bridgewater Capital Partners, LLC, Isaac Genuth, Mark Yunger and Goldie Reisman,

(collectively "Bridgewater"), parties in interest in the above Chapter 11 case ("Chapter 11 Case") of RS Old Mill, LLC's ("Debtor") and defendants in the above-referenced unauthorized adversary proceeding ("Adversary Proceeding"), by and through their counsel, Kurtzman Matera, P.C., submits this Joinder in the Motion of Suffern Partners LLC ("Suffern") for entry of an order: (a) approving the sale of the real property located at 25 Old Mill Road, Suffern and Montebello, New York ("Property") *nunc pro tunc* to September 1, 2017; (b) dismissing the Chapter 11 case; and (c) for dismissal and/or abstention as to all claims asserted in the unauthorized Adversary Proceeding ("Motion") and respectfully sets forth as follows:

## PRELIMINARY STATEMENT

1. The core of the Adversary Proceeding is an attempt to utilize this Court for the distasteful purpose of undoing a knowing and intentional act, the transfer and sale of the Property, by the equity holder for his sole benefit. Apparently unhappy with his share of the proceeds, he now "complains" of the act he orchestrated.

2. The Motion sets forth a well thought and well argued response to the Chapter 11 Case and the Adversary Proceeding. It is here supported with one noted exception. The Motion refers to the Debtor's "equity holders". While there may be reason to explore this perception, the Affidavit Pursuant to Local Bankruptcy Rule 1007-2 ("Rule 1007-2 Affidavit") at paragraph 1 ("Exhibit "A" hereto) and the Statement of Financial Affairs for Non-Individual Filing for Bankruptcy at No. 28 ("Exhibit "B" hereto) name Yehuda Salamon as the sole member and 100% interest holder of the Debtor.

## ARGUMENT

### I. The Adversary Proceeding Unauthorized Complaint

3. Initially, it is noteworthy that retained counsel to the Debtor, Pick & Zabicki LLP, did not file the Adversary Proceeding. It is thus, at least at this juncture, a document without

authorization. It is executed by two firms as "Attorneys for Debtor/Plaintiff" and "Special Litigation Counsel to the Debtor/Plaintiff" when neither bear this designation. The reason why retained counsel did not put its name on the Adversary Proceeding needs to be explored and will hopefully occur given the opposition to the retention of Goldberg Weprin Finkel Goldstein, LLP, filed by Bridgewater (Dkt. No. 83) and anticipated objection to Levine & Associates, P.C.

## II. The Debtor as Fiduciary

4. The Debtor was, during the Chapter 11 Case, a debtor in possession "[I]n Chapter 11 cases where no trustee is appointed, 11 U.S.C. §1107(a) provides that the debtor-in-possession, i.e. the debtor's management, enjoys the powers that would otherwise vest in the bankruptcy trustee. Along with those powers, of course, comes the trustee's fiduciary duty to maximize the value of the bankruptcy estate. The debtor-in-possession's fiduciary duty to maximize includes the 'duty to protect and conserve property in its possession for the benefit of creditors'. Thus, there is no question that [a debtor], acting through its representatives. . . , had a fiduciary duty to protect and maximize the estate's assets. In re Mushroom Transportation Co., 382 F. 3d 325, 339 (3d Cir. 2004) quoting Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chimery, 330 F. 3d 548, 573 (3d Cir. 2003)(en banc); In re Marvel Entertainment Group, Inc., 140 F. 3d 463, 474 (3d Cir. 1998). "[W]here the debtor intends to liquidate. . . property. . . .maximization of value is the primary concern." In re Johnson, 546 B.R. 83, 165 (Bankr. S.D. Oh. 2016) citing Tenn-Fla Partners v. First Union National Bank, 229 B.R. 720, 736 (W.D. Tenn. 1999), affirmed, 226 F. 3d 746 (6th Cir. 2000). Debtors in possession have fiduciary duties, which include, among others, the duty of loyalty. The officers and directors of the . . . Debtor have that duty, to the . . . . Debtor [itself]. . . . The duty of loyalty 'includes an obligation to **refrain from self-dealing**, to avoid conflicts of interests and the appearance of impropriety, to treat all parties to the case fairly, and to maximize the value of the estate'." In re Adelphia

3

Communications Corp., 336 B.R.669-70 (Bank. S.D.N.Y. 2006)(emphasis added). See also Smart World Technologies, LLC v. Juno Online Services Inc. (In re Smart World Technologies, LLC), 423 F. 3d 166, 175 (2d Cir. 2005) ("As a fiduciary, the debtor bears the burden of 'maximizing the value of the estate'." quoting Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343, 352, 85 L.Ed. 2d 372, 105 S. Ct. 1986 (1985)).

5. The Chapter 11 petition, inclusive of the Rule 1007-2 Affidavit and Schedule A/B, the monthly operating reports and the motion practice before this Court, demonstrates that the Debtor's sole asset was its purchase of the Property. The purchase of the Property occurred with its sale to Suffern Partners, LLC. It is in that way that maximization was achieved. To now undo the transaction that accomplished the maximization would be for the sole purpose of self-dealing by equity or others influencing equity. The Chapter 11 Case had not been dismissed, such is true. The *nunc pro tunc* approval of the sale sought, *inter alia*, by the Motion, as well as the dismissal, appropriately and practically rectifies this oversight.

### III. The Role of Equity Principles

6. "The 'overriding consideration' in bankruptcy is that 'equitable principles govern'. The old equity notions - equality, equity considers done what ought to be done - still have vitality. Nonetheless, the principles of equity may not be invoked in freewheeling fashion. They must be directed to the care and preservation of the estate. In re Tucson Yellow Cab Co., 789 F. 2d 701, 704 (9th Cir. 1986) quoting Bank of Marin v. England, 385 U.S. 99, 103, 17 L. Ed. 2d 197, 87 S. Ct. 274 (1966). "'As courts of equity, bankruptcy courts must apply equitable principles and "direct to be done that which ought to be done'." In re Castle Ventures, 167 B.R. 758, 766 (Bankr. E.D.N.Y. 1994) quoting Braniff, Inc. v. GPA Group PLC (I re Braniff, Inc.), 118 Bankr. 819, 841 (Bankr. M.D. Fla. 1989) quoting In re Bronx-Westchester Mack. Corp., 4 Bankr. 730, 734 (Bankr. S.D.N.Y. 1980). In In re Castle Ventures, Judge Duberstein exercised his discretion and *sua sponte* relying

4

upon Section 105(a) of the Bankruptcy Code, avoided an unperfected security interest in the face of the Debtor's inaction.

7. This Debtor sought dismissal but the Order was not entered. The Debtor engaged in a transaction but did not obtain approval. Under either scenario, the maxim, and the application of equity, to deem that done which ought to be done, warrants entry of the dismissal order or authorization for the sale, *nunc pro tunc.*

## **CONCLUSION**

8. It is respectfully requested that the filing of a separate memorandum of law be waived.

9. For the reasons stated in the Motion, joined in herein, the requested relief should be granted.

WHEREFORE, it is respectfully requested that the Adversary Proceeding be dismissed and such other relief be granted as this Court deems just and proper.

Dated: Chestnut Ridge, New York
      May 3, 2019

                                      KURTZMAN MATERA, P.C.
                                      Attorneys for Bridgewater Capital Partners, LLC.,
                                      Isaac Genuth, Mark Yunger and Goldie Reisman

                                      /s/ Rosemarie E. Matera
                                      Rosemarie E. Matera, Esq.