Rosemarie E. Matera, Esq.
Kurtzman Matera, P.C.
80 Red Schoolhouse Road
Suite 110
Chestnut Ridge, NY 10977
(845) 352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| RS OLD MILL, LLC, | Case No. 17-22218(RDD) |
| Debtor | |

------------------------------------------------------------x

**OBJECTION OF BRIDGEWATER CAPITAL PARTNERS, LLC,
ISAAC GENUTH, MARK YUNGER AND GOLDIE REISMAN TO
THE RETENTION OF LEVINE & ASSOCIATES, P.C.
<u>AS SPECIAL LITIGATION COUNSEL</u>**

Bridgewater Capital Partners, LLC, Isaac Genuth, Mark Yunger and Goldie Reisman, parties in interest herein (collectively, "Objectors") through their counsel, Kurtzman Matera, P.C., hereby submit this Objection to the Application ("Application") of RS Old Mill, LLC. ("Debtor") Authorizing Retention of Levine & Associates, P.C. ("Levine") as Special Litigation Counsel to the Debtor and respectfully set forth as follows:

<u>**BACKGROUND**</u>

1. The Debtor filed a voluntary petition for relief under Chapter 11 ("Chapter 11 Case") of the United States Bankruptcy Code ("Bankruptcy Code") on February 13, 2017 ("Filing Date")-.

2. The Chapter 11 Case was allegedly commenced for the purpose of preventing termination of an Agreement of Sale with Novartis Corporation ("Sale Agreement") for the real property located at 25 Old Mill Road, Suffern and Montebello, New York ("Property").

3. As recently set forth in the Motion to Dismiss Adversary Proceeding ("Dismissal Motion") filed by CPIF Lending, LLC ("CPIF"), Dkt. No. 18, the Debtor, prior to the Filing Date, had assigned its rights in the Sale Agreement to RS Old Mills Rd. LLC ("Mills") and Mills had entered into a Contract of Sale with Suffern Partners, LLC ("Suffern") (Dismissal Motion at Exhibits B and D).

4. On March 29, 2019, the Debtor, utilizing two (2) unretained professionals, including Levine, commenced an Adversary Proceeding, No. 19-08243(RDD) alleging pursuant to Section 549(a), "unauthorized and fraudulently induced conveyances" of the Property. Adversary Proceeding Complaint at paragraph 1.

5. Levine seeks retention as special litigation counsel to prosecute all claims and causes of action arising out of the unauthorized sale of the Debtor's property based on the proposed complaint annexed to the Application which, in actuality, has already been filed.

## PRELIMINARY STATEMENT

6. At the outset the very language in the Application describing this Debtor as "victimized" is atrocious. Misinformation and duplicity is what is, and has been presented to this Court by the Debtor.

## THE LEVINE DECLARATION

7. The Declaration of Michael Levine ("Levine Declaration") which accompanies the Application, describes representation of the principal of the Debtor, Yehuda Salamon[1] and 4921 12th Avenue, LLC (a company of which he is the sole member) in several "presently still pending" actions. Levine Declaration at paragraphs 6, 7, 8 and 9. See also Affirmation of Michael Levine,

---

[1] The Levine Declaration at paragraph 6 references Mr. Salamon as "**a** principal of the Debtor" (emphasis added). The Rule 1007-2 Affidavit at paragraph 1 and Statement of Financial Affairs at question 28, state that Mr. Salamon is the "sole member" and 100% interest holder, respectively.

filed on April 8, 2019 in In re 4921 12th Avenue, LLC, Case No. 1-18-47256 - CEC, annexed hereto as Exhibit "A".

8. The Levine Declaration at paragraph 11 states that a meeting took place between Mr. Nash and the Debtor's consultant, Marty Stern, aka Moshe/Moses Stern, that, to Levine's recollection, he attended telephonically. Explanation of the role of Mr Stern as "consultant" is completely lacking.

9. The Levine Declaration at paragraph 15 notes that Levine was retained in April, 2017, post petition, to represent the Debtor in the State Court action. The Docket Report for this case does not disclose the retention and the Levine Declaration does not disclose any details regarding compensation.

10. The Levine Declaration at paragraph 16 describes advice given in connection with a motion prepared by Heidi J. Sorvino, Esq., on behalf of Bridgewater Capital Partners prior to its filing. Bridgewater Capital Partners is named as a defendant in the Adversary Proceeding Complaint executed by Levine.

11. The Levine Declaration at paragraph 17, states that Levine was a consultant and engaged in negotiations with a potential purchaser for the Property. This statement, even without Exhibits B and D to the Dismissal Motion of CPIF, raises a serious question of the ethics of a professional who was attempting to facilitate a transfer when he now lends his signature to a complaint that speaks of a "fraudulent scheme to defraud the Debtor" via a transfer.

12. The Levine Declaration at paragraph 23 notes that in July, 2018, subsequent to the closing in September, 2017, which transferred the Property to Suffern Partners, Levine commenced an action on behalf of Lone Pine Associates, LLC ("Lone Pine"), an occupant of the Property, against ISSM Protective Services, Inc., a guard company that was refusing Lone Pine access to the Property. Either Levine was aware of the owner of the Property when he represented Lone

Pine, i.e. its transfer to Suffern Partners, or he believed he was representing Lone Pine against the Debtor as employer of ISSM Protective Services, Inc. The facts of this action demand exploration and not mere mention.

## ARGUMENT

13. The Application seeks to retain Levine under Section 327(a) of the Bankruptcy Code.

14. Professionals employed by a debtor under Section 327(a) of the Bankruptcy Code must not hold or represent an interest adverse to the estate and must be disinterested. 11 U.S.C. §§ 327(a), 1107(a). "'It is hornbook bankruptcy procedure that professional retention must be based upon careful review and full disclosure by the prospective professionals, and that the prospective professionals must be free of any personal interests or connections that are at odds with the interests of the entities they intend to represent'." In re Mercury, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002), quoting In re National Liquidators, 171 B.R. 819, 826 (Bankr. S.D. Ohio 1994), aff'd in part, rev'd in part, 182 B.R. 186 (S.D. Ohio 1995).

15. The Second Circuit has found that a professional holds or represents an interest adverse to the estate where:

> (1)[it] possess[es] or assert[s] any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or
> (2)[It] possess[es] a predisposition under circumstances that render such a bias against the estate.

In re Arochem Corp., 176 F. 3d 610, 623 (2d Cir. 1999). The District Court in In re Ampal-American Israel Corp., 554 B.R. 604, 610 (S.D.N.Y. 2016), stated that "an adverse interest includes any interest or relationship, however slight, that would even faintly color the independence and impartial attitude required by the Code and the Bankruptcy Rules." (Citations omitted).

16. "'By regulating the trustee's ability to hire professionals, section 327 serve[s] the

4

important policy of ensuring that all professionals appointed [to represent the trustee] tender individual loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities'." In re Daly v. Konover Construction Corp. (In re Homesteads Community at Newtown, LLC), ("Daly"), 390 B.R. 32, 47 (Bankr. D. Conn. 2008) quoting In re AroChem Corp., id. at 621. "'The concept of a conflict of interest is embraced in the adverse interest standard. [T]he disqualifying adverse interest addressed in §327. . . is either an *actual* or a *reasonably probable* conflict of interest. Whether an adverse interest exists is best determined on a case-by-case basis. Daly, id. at 47-48 quoting In re AroChem Corp., at 700 and 623. "An actual conflict of interest 'is "an active competition between two interests in which one interest can only be served at the expense of the other'." In re Diva Jewelry Design, Inc., 367 B.R. 463, 472 (Bankr. S.D.N.Y. 2007) quoting In re Mercury, id, at 54.

17. Courts also examine the goals and purposes of the disinterestedness requirement. "To be disinterested is to prevent even the appearance of a conflict irrespective of the integrity of the person or firm under consideration. Further, a disinterested person should be divested of any scintilla of personal interest which might be reflected in his decision concerning estate matters. The most modest interest or relationship will undo a person's disinterestness if it would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules." In re Vebeluinas, 231 B.R. 181, 191-92 (Bankr S.D.N.Y. 1999)(citations omitted). There is a "'high degree of impartiality and detached judgment expected from counsel to the trustee'." Id. at 194, quoting Collier on Bankruptcy, P 327.04[3][a] at 327-30 (15th ed. Rev. 1996).

18. Whether it be: (a) a conflict arising from the continuing representation of the principal of the Debtor and an entity where he is the sole shareholder; (b) actual knowledge and involvement in the transaction at the heart of the Adversary Proceeding Complaint and the pre-petition agreements annexed to the Motion to Dismiss brought by CPIF; (c) the questionable

references to other equity holders and a consultant whose role is undisclosed; (d) previously functioning as counsel to the Debtor without retention by this Court or disclosure of compensation; (e) participating in Bridgewater Capital Partners motion practice; (f) participating in sale discussions with an undisclosed potential purchaser of the Property; or (g) bringing of an action in State Court on behalf of a tenant at the Property, the appearance of impropriety, at the least, is high and independent judgment is patently impossible. The web woven by this Debtor demands an independent fiduciary with no pre-existing loyalties or entanglements, if anyone at all.

WHEREFORE, it is respectfully requested that the retention of Levine & Associates, P.C. be denied.

Dated: Spring Valley, New York
        May 14, 2019

                              KURTZMAN MATERA, P.C.

                              /s/ Rosemarie E. Matera
                              Rosemarie E. Matera, Esq.