WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE  
U.S. Department of Justice  
Office of the United States Trustee  
201 Varick Street, Room 1006  
New York, NY 10014  
Tel. (212) 510-0500  
By:    Greg M. Zipes, Esq.  
          Trial Attorney  

<u>Hearing Date and Time:</u>  
**June 25, 2019 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------X  
In re                                                                                         :       Chapter 11  
                                                                                                  :  
RS OLD MILL, LLC,                                                              :       Case No. 17-22218 (RDD)  
                                                                                                  :  
                                              Debtor.                             :  
                                                                                                  :  
------------------------------------------------------------------------X  

## OBJECTION OF THE UNITED STATES TRUSTEE TO SUFFERN PARTNERS LLC'S MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS UNDER SECTION 363(F), TO DISMISS CHAPTER 11 CASE, <u>AND RELATED RELIEF</u>

TO THE HONORABLE ROBERT D. DRAIN,  
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), respectfully submits this objection (the "**Objection**") to the motion of Suffern Partners LLC ("**Suffern**") seeking (a) approval of a sale of estate property free and clear of liens under section 363(f) *nunc pro tunc* to September 1, 2017 (b) dismissal of the Chapter 11 case and for other relief (the "**Motion**") and (c) for other relief.  In support hereof, the U.S. Trustee respectfully states:

## INTRODUCTION

Based in part on information recently disclosed to the Court, it appears that R.S. Old Mill, LLC (the "**Debtor**") transferred a substantial parcel of developed commercial real property (the "**Property**") during a pending Chapter 11 case without first seeking Court approval and distributed the proceeds of that transfer to professionals and others without Court approval. In connection with the transfer, it appears that at least one retained professional – who had not filed an application for compensation as required under the Bankruptcy Code and Rules – received a payment from proceeds of the Debtor's estate without a Court order. Suffern itself acknowledges that there was no authority for any of these transfers and the reason suggested for the lack of such authority – that the "transactions were done in a flurry and closed on an emergency basis" – is neither plausible nor credible. The Debtor's unauthorized activities regarding a significant asset and the payment to professionals without a Court order require an investigation by an independent fiduciary.

The Court only recently converted the case to one under Chapter 7 of the Bankrutpcy Code. The Chapter 7 trustee, a disinterested fiduciary, was appointed only two weeks ago. The duly scheduled Chapter 7 creditors' meeting has not yet taken place. Granting the relief sought would thwart the very purpose of converting the case and appointing the Chapter 7 trustee. Further, at this time, it is not known how much Suffern knew at the time of the sale, and whether creditors were harmed by this transaction. The facts are indeed extraordinary.

In addition, as explained below, Suffern has no standing to seek approval of a sale, *nunc pro tunc* or otherwise. Although the United States Trustee requested an adjournment of the Motion to allow for a further investigation, Suffern has not agreed to this request. For the reasons set forth below, the Court should deny the Motion.

# FACTS

### A. General Background

1. On or about November 28, 2016, the Debtor entered into a written contract of sale with Novartis Corporation (the "Novartis-Debtor contract of Sale") whereby the Debtor agreed to purchase the Property. *See* Complaint (defined below), ECF No. 75 at ¶ 2. On or about that same date, the Debtor entered into a financing agreement with Bridgewater Capital Partners for a loan in the amount of $18 million. The principals of Bridgewater are disclosed as Issac Genuth and Mark Yunger. *Id.* at ¶ 3.

2. On February 13, 2017 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. ECF No. 1.

3. The Debtor, a Delaware limited liability company, was apparently formed to purchase property located at 25 Old Mill Road, Suffern and Montebello, New York (the "Property") from Novartis Corporation. Affidavit of Yehuda Salamon Pursuant to Local Bankruptcy Rule 1007-2 (the "**Salamon Affidavit**") at ¶ 2. ECF No. 4. The Property includes a large commercial warehouse/distribution facility. *Id.*

4. The U.S. Trustee did not appoint an Official Committee of Unsecured Creditors.

5. By order dated April 10, 2017, the Court authorized the retention of Pick & Zabicki LLP (the "**Pick Firm**") as Counsel to the Debtor effective February 13, 2017. ECF No. 30.

6. The Pick Firm has not filed a fee application in this case. *See* Docket.

### B. Assumption and Enforcement of the Novartis-Debtor Contract of Sale

7. On July 13, 2017, the Court issued an Order authorizing the assumption by the

Debtor of the Novartis-Debtor Contract of Sale. ECF No. 45. The Order was subsequently amended to provide, *inter alia*, that the Debtor and Novartis should close on the Agreement of Sale on or before August 17, 2017. ECF No. 53.

8.    On or about August 18, 2017, the Debtor moved for an order directing Novartis to comply with the Agreement of Sale and to close on the sale by August 22, 2017. ECF No. 58.

9.    Thereafter, on November 1, 2017, the Debtor filed a proposed order dismissing the Chapter 11 case which was to be heard on presentment on November 29, 2017, and thereafter adjourned to December 13, 2017. ECF Nos. 67, 73. An objection to the Debtor's motion on presentment was filed by Creditor Romaro LLC on December 13, 2017. ECF No. 74.

10.    No documents were filed on the docket for this case after December 13, 2017 until March 29, 2019, when the Debtor, apparently represented by new proposed counsel, Goldberg Weprin Finkel Goldstein, LLP ("New Counsel"), filed an adversary proceeding (described below). ECF No. 75.

11.    On April 1, 2019, New Counsel filed a retention application. ECF No. 76. On May 9 and 14, 2019, Suffern and Bridgewater respectively filed objections to proposed New Counsel's retention application as well as the Debtor's application to retain Levine & Associates as Special Litigation Counsel. ECF Nos. 91, 92.

12.    By order dated June 5, 2019, the Court converted this case to one under Chapter 7 of the Bankruptcy Code. ECF No. 102.

13.    Marianne O'Toole has been appointed as interim Chapter 7 trustee (the "**Chapter 7 Trustee**"). *See* ECF No. 103.

14.    The initial meeting of creditors is scheduled for July 16, 2019 (the "**Creditors' Meeting**"). *See* ECF No. 106.

4

C.  **The Apparent Sale of Estate Assets During the Chapter 11 Case**

15.  On or about March 29, 2019, the Debtor filed an adversary complaint (the "**Complaint**") against Suffern, Bridgewater Capital Partners LLC ("**Bridgewater**"), Issac Genuth, Mark Yunger, Goldie Reisman, Moses Recihman, RS Old Mills RD LLC, David Fleischmann, Thomas Landrigan and CPIF Lending LLC (collectively, the "**Defendants**"), commencing Adversary Proceeding No. 19-08243 (RDD) (the "**Adversary Proceeding**'). ECF No. 75.  The complaint sought to set aside a "fraudulently induced conveyance of the Debtor's property and money damages."  The Adversary Proceeding is still pending.

16.  There is no clear information that can be discerned from the docket regarding whether the Novartis-Debtor Sale Agreement closed on August 22, 2017 or the ultimate disposition of the Property.  There are no monthly operating statements filed on the docket after the monthly operating report for the month of October 2017 , which was filed on November 7, 2017.  ECF 70.

17.  However, according to the Motion, during the Chapter 11 case, the Debtor implemented and closed on a series of transactions by which Suffern agreed to finance the Debtor's purchase of the Property and acquire the Property for the sum of $30 million.  *See* Motion at ¶¶ 11-17.

18.  Suffern described the Debtor's actions in connection with the sale of its asset as follows:  "Debtor, unable to obtain financing . . .identified, structured, implemented, and closed a series of transactions whereby it purchased and immediately resold" the Property.  *See* Motion at ¶ 1.  "The transactions were done in a flurry and closed on an emergency basis in September 2017, *without the Court's contemporaneous approval.*"  *Id.* (emphasis added).

19.  An online search of the Rockland County Clerk's website revealed the following

5

documents, including: (i) the Bargain and Sale Deed from RS Old Mill, LLC to RS Old Mills Rd LLC dated September 5, 2017, and (ii) the Bargain and Sale Deed from RS Old Mills Rd, LLC to Suffern Partners LLC dated September 5, 2017.  Copies of these two deeds are annexed hereto as **Exhibit A.**  These documents appear to show that after the Debtor acquired the Property, the Property was subsequently transferred twice on September 5, 2017.  First, the Debtor transferred the Property to an entity with a similar name – RS Old Mills Rd LLC – for no consideration.  Then, RS Old Mills Rd LLC transferred the Property to an entity named Suffern Partners LLC for $30,000,000.00.

20. An online search of the New York State Department of State website revealed the following documents which show that each of the transferee entities were formed less than one month prior to the closing date of September 1, 2017: (i) NYS Department of State – Divisions of Corporations Entity Information Sheet for RS Old Mills RD LLC, a New York limited liability company, reflecting its registration with NYS on August 8, 2017, and (ii) NYS Department of State – Divisions of Corporations Entity Information Sheet for Suffern Partners LLC, a New York limited liability company, reflecting its registration with NYS on August 9, 2017.  Copies of these two Entity Information Sheets are annexed hereto as **Exhibit B**.

21. On the deeds transferring the Property, both RS Old Mills Rd LLC and Suffern Partners LLC list the same address, that is, as 202 Grandview Avenue, Monsey, New York 10950. *See* **Exhibit A**.

22. On November 1, 2017, the Debtor sought dismissal of the Chapter 11 case by notice of presentment (the "**Debtor Motion to Dismiss**"). *See* ECF No. 67.  The docket reflects that no order was entered.

### D. The Declaration of Thomas C. Landrigan dated June 19, 2019

23. At the request of the Court, on June 19, 2019 (two days prior to the date of the present Objection), Thomas C. Landrigan filed a declaration and accounting in connection with the closing of the Property in September 2017 (the "**Landrigan Declaration**"). ECF No. 111

24. The Landrigan Declaration appears to confirm a significant transaction during the Chapter 11 period, without any Court order. Landrigan discloses, among other things, payments to the Pick Firm on September 13, 2017. *See* Landrigan Declaration at ¶ 6.

## DISCUSSION

### I. The Motion Should Be Denied to Allow An Investigation

25. Section 363 of the Bankruptcy Code authorizes a trustee or a debtor in possession, to use, sell, or lease property of the estate, other in the ordinary course of business only after notice and an opportunity for a hearing. *See* 11 U.S.C. § 363(b). The transfer of the Property, which was a transfer of all or substantially all of the Debtor's assets, was outside of the ordinary course of business and, therefore, subject to the requirements of § 363(b). *See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re General Motors Corp.*, 407 B.R. 463, 488 (Bankr. S.D.N.Y. 2009).

26. The Debtor did not seek Court authorization for the transfer the Property. The Debtor did not provide notice to creditors or other parties in interest of the intended transfer, and there was no opportunity for a hearing on the matter. Therefore, the Debtor's transfer of the Property outside of the ordinary course of business violated § 363(b). The Property was sold during the Chapter 11 case without a Court order, and the Debtor's counsel appears to have received proceeds also without a Court order. This serious unauthorized conduct warrants an investigation by an independent fiduciary.

7

27. This Court recently converted the case to one under Chapter 7, and the Creditors' Meeting has not yet taken place. It makes no sense to approve the drastic relief requested by Suffern without first establishing the facts. The United States Trustee asked Suffern for an adjournment of the Motion to allow the Chapter 7 Trustee to investigate the facts and circumstances behind this transaction, and Suffern refused, citing the Court's calendar.

28. Here, the practical reality is that an independent fiduciary is needed to investigate the unauthorized transfer of the Property, to evaluate the nature of the estate's potential interest in the Property and in the $30 million in sale proceeds received by RS Old Mills Rd LLC, and to determine whether to pursue a recovery on behalf of the Debtor's creditors. In the event of dismissal, the Debtor's creditors, if they exist, will receive no distribution. By contrast, affording an independent fiduciary an opportunity to investigate the transfer may result in a recovery for the estate and a distribution to creditors. Therefore, the United States Trustee requests that the Court deny the Motion in full.

## II. That Part of the Motion Seeking Approval of the Sale Should Be Denied For Lack of Standing

29. A separate reason exists to deny that portion of the Motion seeking approval of the Sale. As Suffern acknowledges, it is seeking relief "[p]ursuant to Sections 105 and 363 of the Bankruptcy Code, approving the sale of the [Property] to Suffern, *nunc pro tunc* to September 1, 2017 – the date of Novartis' deed of the [Property] to Debtor." *See* Motion at ¶ 28.

30. Section 363 is clear in that it authorizes a trustee or debtor in possesion to sell property. *See* 11 U.S.C. § 363(b) (". . . (b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ."). When initially construing a statute, the starting point should be the language itself, "for if the intent of Congress is clear, that is the end of the matter." *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402,

8

409–10 (1993) (internal quotations omitted).  Suffern is not a "trustee" or a debtor in possession and cannot seek approval of the sale under section 363(b).  Only the Chapter 7 Trustee has standing to seek such relief.  For this reason alone, this aspect of the Motion should be denied.

## CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order denying the Motion.

Dated: New York, New York
      June 21, 2019

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By   */s/ Greg M. Zipes*
     Greg M. Zipes
     Trial Attorney
     U.S. Department of Justice
     Office of the United States Trustee
     201 Varick Street, Room 1006
     New York, NY 10014
     Tel. (212) 510-0500