**LaMONICA HERBST & MANISCALCO, LLP**  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
Telephone: (516) 826-6500  
Salvatore LaMonica, Esq.  
Holly R. Holecek, Esq.

Hearing Date: September 13, 2019 at 10:00 a.m.  
Objections Due: September 6, 2019

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
In re:                                                                                     Chapter 7

RS OLD MILL, LLC,                                                            Case No.: 17-22218 (RDD)

             Debtor.  
------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. §§105(a), 363(b)(1) AND 363(m) AND RULES 2002, 6004 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING SETTLEMENT BETWEEN CHAPTER 7 TRUSTEE AND SUFFERN PARTNERS LLC AND SALE OF PROPERTIES IN ACCORDANCE WITH STIPULATION OF SETTLEMENT**

      **PLEASE TAKE NOTICE** that a hearing will be held on **September 13, 2019 at 10:00 a.m.** before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 ("Court") on the annexed motion ("Motion") of Marianne T. O'Toole ("Trustee"), Chapter 7 Trustee of the estate of RS Old Mill, LLC, pursuant to 11 U.S.C. §§105(a), 363(b)(1) and 363(m), and Rules 2002(a)(2), 2002(a)(3), 6004(a), 6004(h) and 9019(a) of the Federal Rules of Bankruptcy Procedure, seeking the Court's approval of a settlement between the Trustee and Suffern Partners LLC and the sale of certain real properties to RS Old Mills RD LLC nunc pro tunc to September 5, 2017 in accordance with the stipulation of settlement, a copy of which is annexed to the Motion as Exhibit A.

      **PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, conform with Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Court no later than **September 6, 2019 by 5:00 p.m.** as follows: (i) through the Court's NextGen system, which

may be accessed through the internet at the Court's website at www.nysb.uscourts.gov and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. A courtesy copy of any objection filed with the Court should be sent to the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

Dated: August 20, 2019
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Marianne T. O'Toole, as Chapter 7 Trustee of the Estate of RS Old Mill, LLC

By:   *s/ Salvatore LaMonica*
      Salvatore LaMonica, Esq.
      Holly R. Holecek, Esq.
      3305 Jerusalem Avenue
      Wantagh, New York 11793
      Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 7

RS OLD MILL, LLC,                                       Case No.: 17-22218 (RDD)

                Debtor.
------------------------------------------------------------x

**MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. §§105(a), 363(b)(1) AND 363(m) AND RULES 2002, 6004 and 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING SETTLEMENT BETWEEN CHAPTER 7 TRUSTEE AND SUFFERN PARTNERS LLC AND SALE OF PROPERTIES IN ACCORDANCE WITH STIPULATION OF SETTLEMENT**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

        Marianne T. O'Toole ("Trustee"), as Chapter 7 Trustee of the estate of RS Old Mill, LLC ("Debtor"), files this motion ("Motion"), pursuant to 11 U.S.C. §§105(a), 363(b)(1) and 363(m) ("Bankruptcy Code"), and Rules 2002(a)(2), 2002(a)(3), 6004(a), 6004(h) and 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), seeking the Court's approval of a settlement between the Trustee and Suffern Partners LLC ("Suffern") and the sale of certain real properties to RS Old Mills RD LLC nunc pro tunc to September 5, 2017 in accordance with the stipulation of settlement annexed as Exhibit A ("Stipulation"). In support of the Motion, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

        As the Court is aware, the Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code and the Trustee was appointed to, inter alia, investigate the Debtor's post-petition activities, including whether creditors of the Debtor were paid in 2017 from the sale of

certain real properties. Since her appointment, the Trustee has, among other things, participated in multiple in-person meetings and/or conference calls with counsel to interested parties including, but not limited to, the Debtor, Suffern, Thomas C. Landrigan, Esq. and others, reviewed extensive documentation, obtained a Bankruptcy Rule 2004 Order and examined Treff & Lowy PLLC under oath, and attended the examination under oath of David Fleischman, Esq. While the various parties' accounts of what transpired long before the Trustee's appointment vary, it appears that the Debtor did not have sufficient funds to close on the purchase of the certain properties and that, through a series of back-to-back transactions, Suffern took title to the properties in September 2017. The Trustee's investigation is ongoing.

At this time, the Trustee seeks approval of the Stipulation which provides for a cash payment of two million five hundred thousand dollars ($2,500,000) ("Claim Fund") from Suffern to the Trustee for the payment of, inter alia, allowed claims against the Debtor's estate. The Stipulation provides that the Trustee will seek approval, nunc pro tunc to September 5, 2017, of the Debtor's sale of certain properties to RS Old Mills RD LLC. The Stipulation also provides for, inter alia, the withdrawal of a pending motion by Suffern, the vacatur of certain Notices of Pendency, and the dismissal, without prejudice, of the Debtor's adversary proceeding except insofar as the Trustee releases and waives with prejudice any claim of the Debtor against Suffern with respect to Suffern's title to the properties. Critically, the Stipulation expressly provides that nothing contained therein is intended, or shall be construed to release any claims that third parties, including equity holders, may have against Suffern or any other individual or entity.

In the exercise of her sound business judgment, the Trustee concluded that the limited settlement set forth in the Stipulation falls well above the lowest rung in the range of reasonableness and is in the best interests of the Debtor's estate. For these and the reasons set

2

forth below, the Trustee respectfully requests that the Court approve the settlement and the nunc pro tunc sale of the properties.

## JURISDICTION

1. The Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§157 and 1334, and Bankruptcy Code § 105(a).

2. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(A) and (L).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory predicates for the relief sought in this Motion include sections 105(a), 363(b)(1) and 363(m) of the Bankruptcy Code, and Bankruptcy Rules 2002(a)(2), 2002(a)(3), 6004(a), 6004(h) and 9019(a).

## BACKGROUND

5. On February 13, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

6. By Order dated June 2, 2017, the Court, inter alia, directed the Debtor to make a determination to either assume or reject a certain agreement of sale ("Sale Agreement") for the purchase of certain real properties located in Rockland County and known as 25 Old Mill Road, Suffern, New York 11901 (Block 1, Lot 1), 19 Hemion Road, Montebello, New York 10901 (Block 1, Lot 1), and Route 59, Suffern, New York 10901 (Block 1, Lot 31) (collectively, "Properties") from Novartis Corporation ("Novartis") for $18,000,000 and, if the Sale Agreement was assumed, to close on the purchase of the Properties within ten (10) business days of Court approval of the assumption. See Dkt. No. 38.

7. On June 26, 2017, a notice of the Debtor's intent to assume the Sale Agreement was filed with the Court. See Dkt. No. 41.

3

8. By Order dated July 13, 2017, the Court, inter alia, authorized the Debtor's assumption of the Sale Agreement and directed the Debtor to close on the sale within ten (10) business days. See Dkt. No. 45. By Order dated August 14, 2017, the July 13, 2017 Order was amended to provide, inter alia, that the Debtor and Novartis would close on the Sale Agreement on or before August 17, 2017. See Dkt. No. 53.

9. Public records reflect the following:

   a. By *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 1, 2017 and recorded on September 14, 2017, title to the Property was transferred from Novartis to the Debtor.

   b. By *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 5, 2017 and recorded on September 14, 2017, title to the Property was transferred from the Debtor to an entity known as RS Old Mills RD LLC.

   c. By *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 5, 2017 and recorded on September 14, 2017, title to the Property was transferred from RS Old Mills RD LLC to Suffern.

10. By complaint dated March 29, 2019, the Debtor (by unretained counsel) commenced an adversary proceeding against, among others, Suffern seeking to, inter alia, avoid the transfer of the Property ("Adversary Proceeding"). See, generally, Adv. Pro. No. 19-8243, Dkt. No. 1. According to the complaint, "[a]pproximately $15,000,000 of funds were provided by [Suffern's lender] and used by the Debtor for the payment of the balance of the purchase price to acquire the [Properties] from Novartis (the Debtor having previously rendered the sum of $2,500,000 as a down payment toward the $18,000,000 purchase price." See id. at pp. 27-28, ¶ 102.

11. Several defendants filed motions to dismiss the Debtor's Adversary Proceeding, including Suffern. See id. at Dkt. Nos. 8, 13, 29.

12. By emergency motion dated April 19, 2019 ("Suffern Motion"), Suffern moved for the entry of an Order approving the sale of substantially all of the Debtor's assets to Suffern,

4

nunc pro tunc to September 1, 2017, dismissing the Debtor's Chapter 11 case, and dismissing and/or abstaining as to all claims in the Adversary Proceeding against Suffern. See Dkt. No. 86. Suffern argues, inter alia, that the "Debtor, unable to obtain financing for the balance due of $15.5 million and thus faced with the dire risk of losing its $2.5 million deposit, identified, structured, implemented, and closed a series of transactions whereby it purchased and immediately resold the [Properties], with the final buyer, Suffern, paying $30 million." Id. at 1-2, ¶1.

13. At a hearing conducted on June 4, 2019, the Court determined that conversion of the Debtor's case to one under Chapter 7 of the Bankruptcy Code was in the best interests of creditors. By Order dated June 5, 2019, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code on June 5, 2019. See Dkt. No. 102.

14. Marianne T. O'Toole was appointed as the Chapter 7 Trustee of the Debtor's estate. See Dkt. No. 103.

15. By Order dated July 15, 2019, the Court approved an application by the Trustee to establish a deadline to file proofs of Chapter 11 administrative expense claims and August 30, 2019 was established as the deadline to file proofs of Chapter 11 administrative expense claims against the Debtor's estate. See Dkt. No. 126.

16. Pursuant to a Notice of Possible Payment of Dividends and of Last Date to File Claim, October 24, 2019 was established as the deadline to file proofs of pre-Petition Date proofs of claim against the Debtor's estate. See Dkt. No. 133.

17. To date (excluding duplicates, withdrawn claims and the proof of claim by Novartis), the claims filed against the Debtor's estate (which are subject to the Trustee's review and any objections) total approximately $545,000.

5

18.     In order to avoid the costs and risk of litigating, the Trustee and Suffern (together, "Parties") determined to resolve their disputes, without admitting to any wrongdoing or conceding any of the allegations or claims asserted, on the terms and subject to the conditions set forth in the Stipulation.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

19.     By this Motion, pursuant to sections 105(a), 363(b)(1) and 363(m) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(3), 6004 and 9019(a), the Trustee seeks approval of the settlement with Suffern and the nunc pro tunc sale of the Properties. For the reasons set forth more fully below, the Trustee believes that the agreement embodied in the Stipulation falls well above the lowest level of reasonableness and urges this Court to approve the Stipulation. A proposed Order is annexed as Exhibit B.

**I.      The Terms of the Settlement**

20.     The Stipulation provides that Suffern shall remit the two million five hundred-thousand-dollar Claim Fund to the Trustee. See Exhibit A at p. 4, ¶1. The Claim Fund was paid to the Trustee and is being maintained by the Trustee in a segregated estate account in accordance with the Stipulation.

21.     The Stipulation provides that the balance of the Claim Fund (if any) after payment of all administrative expenses and/or allowed claims against the Debtor's estate shall be returned to Suffern: (a) within fourteen (14) days of the entry of an Order approving the Trustee's Final Report and Accounting; or (b) at such other time as the Trustee, in her sole discretion, determines is appropriate upon the filing of a notice of proposed distribution, which shall be settled on not less than seven (7) days' notice to: (i) the United States Trustee; (ii) Suffern; (iii) the Debtor; and (iv) all parties who file a notice of appearance in this case. See Exhibit A at pp.

4-5, ¶3. The Stipulation further provides that, to the extent the Trustee recovers any other monies on behalf of the Debtor's estate, such other monies shall be used first to pay administrative expenses and/or allowed claims against the Debtor's estate, before application of the Claim Fund. See id.

22.  The Stipulation provides that, upon the entry of an Order approving this Motion in its entirety: (a) the Suffern Motion shall be withdrawn with prejudice; (b) the Notices of Pendency against the Properties shall be vacated; and (c) the Adversary Proceeding shall be dismissed without prejudice except insofar as the Trustee releases and waives with prejudice any claim of the Debtor against Suffern with respect to Suffern's title to the Properties. See Exhibit A at p. 5, ¶4. The Stipulation expressly provides that, notwithstanding the foregoing, and to avoid any doubt, nothing in the Stipulation, express or implied, is intended, or shall be construed to preclude the Trustee from pursuing any other individual or entity for any claims that the Debtor and its estate may have. See id.

23.  The Stipulation also expressly provides that nothing in the Stipulation, express or implied, is intended, or shall be construed to release any claims that equity holders may have against Suffern or any other individual or entity. See Exhibit A at p. 5, ¶5.

24.  The above is intended to be only a summary of the Stipulation. The Trustee respectfully refers the Court and all parties to the Stipulation that is Exhibit A for its complete terms and conditions.

## II. The Stipulation Should Be Approved

### A. Approval is Warranted Under Bankruptcy Rule 9019

25. Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. In re Dewey & LeBoef LLP, 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

26. Under Rule 9019 of the Bankruptcy Rules, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(a). A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, LLC v. SageCrest II, LLC (In re SageCrest II), Nos. 3:10-cv-978 (SRU), 3:10-cv-979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011). Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010). In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010). In re Lehman Bros. Holdings, 435 B.R. 122, 134 (S.D.N.Y. 2010).

27. A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Chemtura, 439 B.R. at 594 (quoting In re W.T. Grant, Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the trustee, the parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Communs. Corp., 368 B.R. 140, 225-226 (Bankr. S.D.N.Y. 2007)

8

28. The court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting TMT Trailer Ferry, 390 U.S. at 424) (internal quotations omitted).

29. The United States Court of Appeals for the Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the Court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011).

30. Here, the Trustee determined in her business judgment that the proposed settlement embodied in the Stipulation is fair and reasonable within the standards discussed above, and that the settlement is in the best interests of the Debtor's estate.

31. In deciding to enter into the agreement with Suffern, the Trustee considered that the Stipulation provides for a cash payment of $2,500,000 for the payment of, inter alia, administrative expenses of the Debtor's estate and allowed claims against the Debtor's estate. The settlement establishes a substantial Claim Fund from which creditors of the Debtor's estate

9

with allowed claims will be paid while expressly preserving: (a) any claims that the Debtor and its estate may have against any individual and entity; and (b) any claims that equity holders may have against Suffern or any other individual or entity. The Stipulation also resolves any claim of the Debtor against Suffern with respect to Suffern's title to the Properties – which would have been the subject of costly and protracted litigation, the outcome of which is necessarily uncertain in amount and time.

32. In light of the cash payment to the Debtor's estate, and preservation of all other claims, the Trustee concluded that the settlement embodied in the Stipulation was in the best interests of the Debtor's estate and its creditors. The settlement embodied in the Stipulation was the result of arm's-length negotiations. The Parties were represented by experienced counsel throughout the negotiations.

33. For these reasons, the Trustee submits that the Stipulation is fair, reasonable and in the best interests of the Debtor's estate and the Trustee recommends its approval.

B. **The Sale of the Properties Should Be Approved Pursuant to Section 363(b)(1) and 363(m) of the Bankruptcy Code**

34. By this Motion, and as an integral component of the agreement embodied in the Stipulation, the Trustee seeks approval of the sale of the Properties to RS Old Mills RD LLC nunc pro tunc to September 5, 2017 in accordance with sections 363(b)(1) and 363(m) of the Bankruptcy Code.

35. Section 105(a) of the Bankruptcy Code grants the Court the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

36. Section 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004 govern the sale of assets outside of the ordinary course of a debtor's business. Section 363 of the

10

Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

37.  Section 363(m) of the Bankruptcy Code affords protection to a good faith purchaser in any interest in property purchased from an estate, whether the sale conducted is later reversed or modified on appeal. Specifically, section 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. §363(m).

38.  Purchasers of estate assets pursuant to a section 363 sale "are protected from a reversal of the sale on appeal so long as they acted in good faith." Licensing by Paolo v. Sinatra (In re Gucci), 126 F.3d 380, 387 (2d Cir. 1997) (citing 11 U.S.C. §363(m)). The requirement that a purchaser act in good faith "speaks to the integrity of his conduct in the course of the sale proceedings." In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir. 1986) (citations omitted). The "misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders. Id. (citations omitted). See also In re GMC, 407 B.R. 463, 494 (Bankr. S.D.N.Y. 2009); Gucci, 126 F.3d at 390. It is not a general examination of the purchaser's conduct that is relevant to section 363(m) – rather, courts focus their inquiry and examination on the specific conduct of the purchaser that impacts "the integrity of the sale." See, e.g., In re Condere Corp., 228 B.R. 615, 631 (Bankr. S.D. Miss. 1998). Moreover, "[i]t is not 'per se bad faith' for an insider to purchase assets of a debtor, and 'a sale to

11

[an insider] without more would not suffice to show a lack of good faith.'" In re Bakalis, 220 B.R. 525, 537 (Bankr. E.D.N.Y. 1998) (citing In re Andy Frain Servs., Inc., 798 F.2d 1113, 1125 7th Cir. 1986); accord In re Wilde Horse Enters., Inc., 136 B.R. 830, 842 (Bankr. C.D. Cal. 1991); In re Apex Oil Co., 92 B.R. 847, 869-70 (Bankr. E.D. Mo. 1988).

39. Despite the acrimony in this case, certain salient facts are not in dispute. As set forth above, the Court authorized the Debtor's assumption of the Sale Agreement and closing on title to the Properties, which occurred on or about September 1, 2017. See Dkt. No. 45. On or about September 5, 2017, long before the conversion of the Debtor's case and the appointment of the Trustee, the Debtor transferred title to the Properties to RS Old Mills RD LLC though no corresponding Order of the Court was sought or entered. RS Old Mills RD LLC simultaneously transferred title to the Properties to Suffern. While there was no recorded consideration from RS Old Mills RD LLC to the Debtor, Suffern gave a mortgage to the Properties to CPIF Lending, LLC, a portion of which totaling approximately $15,500,000 was used to fund the Debtor's purchase of the Properties from Novartis. The Debtor did not otherwise have an ability to close on the Properties.

40. The disagreements that exist today stem from a dispute over equity in Suffern, the details of which may never be fully known. Those disagreements, however, do not bar Court approval of the sale of the Properties to RS Old Mills RD LLC, approval of which will not foreclose the Trustee's investigation in this case or any other claims that parties may have, including against Suffern. Rather, approval of the nunc pro tunc sale of the Properties to RS Old Mills RD LLC will resolve contentious litigation between the Trustee and Suffern over its title to the Properties, the outcome of which is necessarily uncertain, and simultaneously create a fund

from which creditors of the Debtor can be paid as was contemplated in 2017 when these transactions transpired.

41. Based on the foregoing, and in light of the express preservation of all claims except any claims of the Debtor with respect to Suffern's title to the Properties, the Trustee seeks <u>nunc pro tunc</u> approval of the Properties to RS Old Mills RD LLC and a finding of good faith in accordance with sections 363(b)(1) and 363(m) of the Bankruptcy Code.

## **NOTICE AND NO PRIOR REQUEST**

42. In accordance with Bankruptcy Rule 2002 and Bankruptcy Rule 9006(f), the Trustee will serve a copy of this Motion and the Stipulation by regular mail upon: (a) the Debtor, through its retained counsel of record; (b) the United States Trustee; (c) Suffern, through its counsel; (d) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; (e) applicable taxing authorities; and (f) all known creditors of the Debtor.

43. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order granting the relief requested herein, and such other and further relief as may be just.

Dated: August 20, 2019
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Marianne T. O'Toole, as Chapter 7 Trustee of the Estate of RS Old Mill, LLC

By:    *s/ Salvatore LaMonica*
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500