UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                      Chapter 7

RS OLD MILL, LLC,                                              Case No.: 17-22218 (RDD)

               Debtor.
------------------------------------------------------------x

## STIPULATION OF SETTLEMENT

Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of RS Old Mill, LLC ("Debtor"), and Suffern Partners LLC ("Suffern"), through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on February 13, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code");

WHEREAS, by Order dated June 2, 2017 [Dkt. No. 38], the Bankruptcy Court, inter alia, directed the Debtor to make a determination to either assume or reject a certain agreement of sale ("Sale Agreement") for the purchase of certain real properties located in Rockland County and known as 25 Old Mill Road, Suffern, New York 11901 (Block 1, Lot 1), 19 Hemion Road, Montebello, New York 10901 (Block 1, Lot 1), and Route 59, Suffern, New York 10901 (Block 1, Lot 31) (collectively, "Properties") from Novartis Corporation ("Novartis") for $18,000,000 and, if the Sale Agreement was assumed, to close on the purchase of the Properties within ten (10) business days of Court approval of the assumption;

WHEREAS, on June 26, 2017, a notice of the Debtor's intent to assume the Sale Agreement was filed with the Bankruptcy Court [Dkt. No. 41];

1

WHEREAS, by Order dated July 13, 2017 [Dkt. No. 45], the Bankruptcy Court, <u>inter alia</u>, authorized the Debtor's assumption of the Sale Agreement and directed the Debtor to close on the sale within ten (10) business days;

WHEREAS, by Order dated August 14, 2017 [Dkt. No. 53], the July 13, 2017 Order was amended to provide, <u>inter alia</u>, that the Debtor and Novartis would close on the Sale Agreement on or before August 17, 2017;

WHEREAS, by *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 1, 2017 and recorded on September 14, 2017, title to the Properties was transferred from Novartis to the Debtor;

WHEREAS, by *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 5, 2017 and recorded on September 14, 2017, title to the Properties was transferred from the Debtor to an entity known as "RS Old Mills RD LLC";

WHEREAS, by *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 5, 2017 and recorded on September 14, 2017, title to the Properties was transferred from RS Old Mills RD LLC to Suffern;

WHEREAS, by Supplemental Notice of Presentment dated November 7, 2017 [Dkt. No. 71], the Debtor noticed the presentment of a proposed consent Order dismissing its Chapter 11 case ("<u>Proposed Dismissal Order</u>"), which Proposed Dismissal Order provides that, on September 6, 2017, a closing on the Sale Agreement was completed;

WHEREAS, the Proposed Dismissal Order was never entered;

WHEREAS, by complaint dated March 29, 2019, the Debtor (by unretained counsel) commenced an adversary proceeding against, among others, Suffern seeking to, <u>inter alia</u>, avoid the transfer of the Properties ("<u>Adversary Proceeding</u>");

2

WHEREAS, in connection with the Adversary Proceeding, Notices of Pendency were docketed against each of the Properties in the Rockland County Clerk's Office (collectively, "Notices of Pendency");

WHEREAS, by emergency motion dated April 19, 2019 ("Suffern Motion") [Dkt. No. 86; Adv. Pro. Dkt. No. 8], Suffern moved for the entry of an Order approving the sale of substantially all of the Debtor's assets to Suffern, nunc pro tunc to September 1, 2017, dismissing the Debtor's Chapter 11 case, and dismissing and/or abstaining as to all claims in the Adversary Proceeding against Suffern;

WHEREAS, at a hearing conducted on June 4, 2019, the Bankruptcy Court determined that conversion of the Debtor's case to one under Chapter 7 of the Bankruptcy Code was in the best interests of creditors;

WHEREAS, by Order dated June 5, 2019 [Dkt. No. 102], the Bankruptcy Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code on June 5, 2019;

WHEREAS, Marianne T. O'Toole was appointed as the Chapter 7 Trustee of the Debtor's estate and, together with counsel, has been investigating this matter since the date of her appointment;

WHEREAS, by Order of the Court [Dkt. No. 126], August 30, 2019 was fixed as the deadline to file proof of Chapter 11 administrative expense claims against the Debtor's estate;

WHEREAS, by Notice of Possible Payment of Dividends and of Last Date to File Claims [Dkt. No. 133], October 24, 2019 was fixed as the deadline to file proof of pre-Petition Date claims against the Debtor's estate;

WHEREAS, the nature and extent of unpaid claims against the Debtor's estate (other than disputes among competing equity claimants in Suffern), if any, remains unknown at this time;

3

WHEREAS, the Trustee and Suffern engaged in settlement discussions;

WHEREAS, in order to avoid the costs and risk of litigating, the Trustee and Suffern (together, "Parties") determined to resolve their disputes, without admitting to any wrongdoing or conceding any of the allegations or claims asserted, on the terms and subject to the conditions set forth in this Stipulation of Settlement; and

WHEREAS, the Trustee's investigation into the Debtor's financial affairs is ongoing, including into any other claims or causes of action belonging to the Debtor's estate.

NOW THEREFORE, for good and valuable consideration, it is hereby stipulated, consented and agreed to by and between the Parties as follows:

## SETTLEMENT

1. Upon execution of this Stipulation, Suffern shall simultaneously remit the sum of two million five hundred thousand dollars ($2,500,000.00) ("Claim Fund") to "Marianne T. O'Toole as Trustee" and deliver the Claim Fund to Marianne T. O'Toole, as Trustee, 22 Valley Road, Katonah, New York 10536. The Claim Fund will be deposited in a segregated estate account maintained by the Trustee pending the entry of an Order approving this Stipulation.

2. Upon execution of this Stipulation and receipt of the Claim Fund, the Trustee shall promptly seek Court approval of this Stipulation in accordance with Bankruptcy Rule 9019, and the sale of the Properties to RS Old Mills RD LLC nunc pro tunc to September 5, 2017 in accordance with sections 363(b)(1) and 363(m) of the Bankruptcy Code ("9019 and 363 Motion"). The Trustee shall also request that the Court waive the 14-day stay under Bankruptcy Rule 6004(h).

3. The balance of the Claim Fund (if any) after payment of all administrative expenses and/or allowed claims against the Debtor's estate shall be returned to Suffern, care of its undersigned counsel: (a) within fourteen (14) days of the entry of an Order approving the Trustee's

4

Final Report and Accounting; or (b) at such other time as the Trustee, in her sole discretion, determines is appropriate upon the filing of a notice of proposed distribution, which shall be settled on not less than seven (7) days' notice to: (i) the United States Trustee; (ii) Suffern; (iii) the Debtor; and (iv) all parties who file a notice of appearance in this case. To the extent the Trustee recovers any other monies on behalf of the Debtor's estate, such other monies shall be used first to pay administrative expenses and/or allowed claims against the Debtor's estate, before application of the Claim Fund.

4. Upon the entry of an Order approving the Trustee's 9019 and 363 Motion in its entirety: (a) the Suffern Motion shall be withdrawn <u>with</u> <u>prejudice</u>; (b) the Notices of Pendency against the Properties shall be vacated; and (c) the Adversary Proceeding shall be dismissed <u>without</u> <u>prejudice</u> except insofar as the Trustee releases and waives <u>with</u> <u>prejudice</u> any claim of the Debtor against Suffern with respect to Suffern's title to the Properties. Notwithstanding the foregoing, and to avoid any doubt, nothing in this Stipulation, express or implied, is intended, or shall be construed to preclude the Trustee from pursing any other individual or entity for any claims that the Debtor and its estate may have.

5. Nothing in this Stipulation, express or implied, is intended, or shall be construed to release any claims that equity holders may have against Suffern or any other individual or entity.

6. Nothing in this Stipulation, express or implied, is intended, or shall be construed to confer upon, or to give to, any person or entity other than the Parties any right, remedy or claim under or by reason of this Stipulation or any condition or stipulation thereof, and the stipulations and agreements contained in this Stipulation are and shall be expressly for the sole and exclusive benefit of the Parties.

7. This Stipulation may be signed in multiple counterparts, and when each Party has

5

signed a counterpart hereof, each such counterpart shall be a binding and enforceable agreement as an original. In addition, this Stipulation may be executed by e-mail or facsimile, and such e-mail or facsimile signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or by mail.

8. This Stipulation sets forth all of the terms, conditions and agreements between the Parties hereto with respect to the subject matter hereof, and there are no agreements, promises, representations or warranties made or given in connection with any of the foregoing or concerning the subject matter hereof that are not contained herein.

9. In the event the Bankruptcy Court declines to approve the 9019 and 363 Motion in its entirety: (a) the Stipulation shall become null, void and of no further force or effect; (b) nothing contained herein shall be deemed an admission by the Parties; and (c) the Trustee will, within 5 business days, return the Claim Fund to Suffern by check drawn on the Trustee's account for this estate.

10. This Stipulation shall be binding upon the Parties and their respective heirs, executors, successors, administrators and assigns.

11. This Stipulation may not be amended or modified other than in writing executed by the Parties.

12. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation.

Dated: August 19, 2019
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, as Trustee*

By: *s/ Salvatore LaMonica*
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500

Dated: August 19, 2019
      New York, New York

**HAHN & HESSEN LLP**
*Counsel to Suffern Partners LLC*

By: *s/ Gilbert Backenroth*
Gilbert Backenroth, Esq.
Stephen J. Grable, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200

7