**LaMONICA HERBST & MANISCALCO, LLP**  
3305 Jerusalem Avenue  
Wantagh, New York 11793  
Telephone: (516) 826-6500  
Salvatore LaMonica, Esq.  
Holly R. Holecek, Esq.

Hearing Date: **December 6, 2019 at 10:00 a.m.**  
Responses Due: **November 29, 2019**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------x  
In re:                                                      Chapter 7

RS OLD MILL, LLC,                        Case No.: 17-22218 (RDD)

                 Debtor.  
-------------------------------------------------------------x

## NOTICE OF CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM 17-1 FILED BY CONTINENTAL KOSHER CATERING INC.

**PLEASE TAKE NOTICE** that, on **December 6, 2019 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, a hearing shall be held in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 ("Court") before the Honorable Robert D. Drain, United States Bankruptcy Judge, on the objection of Marianne T. O'Toole, as Chapter 7 Trustee of the estate of RS Old Mill, LLC ("Debtor"), by her undersigned counsel, to claim number 17-1 filed by Continental Kosher Catering Inc. pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 105(a) and 503(b) ("Objection").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be in writing, conform with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Court no later than **November 29, 2019 by 5:00 p.m.** as follows: (I) through the Court's NextGen system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov and in portable document format (PDF) using Adobe Exchange Software for conversion; or (II) if a party is unavailable to file

electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope to the Clerk of the United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601. A courtesy copy should be simultaneously sent to the Honorable Robert D. Drain, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

Dated: November 4, 2019
      Wantagh, New York       **LaMONICA HERBST & MANISCALCO, LLP**
                                            Counsel to Marianne T. O'Toole, as Chapter 7 Trustee

                        By:     *s/ Salvatore LaMonica*
                                Salvatore LaMonica, Esq.
                                Holly R. Holecek, Esq.
                                3305 Jerusalem Avenue
                                Wantagh, New York 11793
                                Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 7

RS OLD MILL, LLC,                                               Case No.: 17-22218 (RDD)

            Debtor.
-------------------------------------------------------------x

## CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM 17-1
## FILED BY CONTINENTAL KOSHER CATERING INC.

Marianne T. O'Toole, as Chapter 7 Trustee ("Trustee") of the estate of RS Old Mill, LLC ("Debtor"), by her undersigned counsel, objects to claim number 17-1 filed by Continental Kosher Catering Inc. ("CKC") against the Debtor's estate as a Chapter 11 administrative expense claim in an unliquidated amount "believed to be at least $5,066,217.00", which was assigned claim number 17-1 ("Claim 17"), pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and 11 U.S.C. §§ 105(a) and 503(b) ("Bankruptcy Code") and seeks an Order disallowing Claim 17. In support of this Objection, the Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157(a) and 1334.

2. Venue of this case is proper pursuant to 28 U.S.C. § 1408.

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

4. This Objection is made pursuant to, inter alia, sections 105(a) and 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

5. On February 13, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

6. According to the Debtor's Schedule A/B, the Debtor did not own any real property as of the Petition Date. See Dkt. No. 3. Rather, the Debtor held a "Right to Purchase 25 Old Mill Road, Suffern, NY Under Agreement of Sale Dated November 28, 2016." See id.

7. By Order dated June 2, 2017, the Court, inter alia, directed the Debtor to make a determination to either assume or reject a certain agreement of sale ("Sale Agreement") for the purchase of certain real properties located in Rockland County and known as 25 Old Mill Road, Suffern, New York 11901 (Block 1, Lot 1), 19 Hemion Road, Montebello, New York 10901 (Block 1, Lot 1), and Route 59, Suffern, New York 10901 (Block 1, Lot 31) (collectively, "Properties") from Novartis Corporation ("Novartis") for $18,000,000 and, if the Sale Agreement was assumed, to close on the purchase of the Properties within ten (10) business days of Court approval of the assumption. See Dkt. No. 38.

8. Public records reflect the following:

   a. By *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 1, 2017 and recorded on September 14, 2017, title to the Properties was transferred from Novartis to the Debtor.

   b. By *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 5, 2017 and recorded on September 14, 2017, title to the Properties was transferred from the Debtor to an entity known as RS Old Mills RD LLC.

   c. By *Bargain and Sale Deed With Covenant Against Grantor's Acts* dated as of September 5, 2017 and recorded on September 14, 2017, title to the Properties was transferred from RS Old Mills RD LLC to Suffern Partners LLC.

9. At a hearing conducted on June 4, 2019, the Court determined that conversion of the Debtor's case to one under Chapter 7 of the Bankruptcy Code was in the best interests of

creditors. By Order dated June 5, 2019, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code on June 5, 2019. See Dkt. No. 102.

10. Marianne T. O'Toole was appointed as the Chapter 7 Trustee of the Debtor's estate. See Dkt. No. 103.

11. By Order dated July 15, 2019, the Court established August 30, 2019 as the deadline to file proofs of Chapter 11 administrative expense claims against the Debtor's estate. See Dkt. No. 126.

12. On August 30, 2019, CKC timely filed Claim 17 as a Chapter 11 administrative expense claim. A copy of Claim 17 and the annexed Rider is annexed as Exhibit A (excluding Exhibits). According to Claim 17, the debt arose "on or about February 20, 2019." See id. According to the Rider annexed to Claim 17, CKC entered into a written lease dated December 21, 2018 with Suffern. See id.

## RELIEF REQUESTED AND BASIS FOR RELIEF

13. By this Objection, the Trustee seeks an Order disallowing Claim 17.

14. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502.

15. Pursuant to Bankruptcy Rule 3007(a), an objection to the allowance of a claim must be in writing, filed with the Court and served on 30-days' notice.

16. Section 503(b)(1)(A) of the Bankruptcy Code grants administrative expense status to "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). "Because the priority elevates the payment of the administrative claim to the detriment of the unsecured creditors . . . the language of section 503(b)(1)(A) must be narrowly construed to promote the bankruptcy goal of equality of distribution." In re Patient Educ. Media, 221 B.R. 97,

3

101 (Bankr. S.D.N.Y. 1998). The claimant asserting an administrative expense claim has the burden of proof, and must demonstrate that: (a) the claim "arose from a transaction with or on account of consideration furnished to the debtor-in-possession, and (2) the transaction or consideration directly benefitted the debtor-in-possession." Id. The amount of the expense is "an objective measurement rather than a subjective determination of what the property was worth to the debtor" based on the fair market value. Id. at 104 (stating additionally that the amount is not determined by the contract amount, the subjective value to the debtor, nor the net profit derived).

17. Pursuant to section 503(b) of the Bankruptcy Code, administrative expenses are only allowed after notice and a hearing. See 11 U.S.C. § 503(b).

18. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. See 18 U.S.C. §§152, 157 and 3571.

19. The Trustee objects to Claim 17, which purports to seek compensation from the Debtor's estate based on a lease between CKC and Suffern to which the Debtor is not a party. CKC appears to be an aggrieved tenant of Suffern. There is no evidence that the Debtor's estate received any benefit from CKC. There is no basis to afford CKC a Chapter 11 administrative expense claim (or any other claim) against the Debtor's estate. Claim 17 should be disallowed.

20. According to the docket sheet and claims register, Claim 17 has not been transferred or amended as of the date of this Objection.

21. This Objection will be filed with the Court and served on at least 30 days' notice to CKC.

22. The relief requested is in the best interests of the Debtor's estate. In order for the Trustee to complete the administration of the Debtor's estate and to make distributions from the Debtor's estate, the claims register must be accurate.

23. For these reasons, the Trustee respectfully requests that the Court approve the relief requested in this Objection.

## NOTICE/NO PREVIOUS APPLICATION

24. Notice of this Objection will be provided to: (a) CKC; (b) the Office of the United States Trustee; (c) all parties who filed a notice of appearance in these cases; and (d) taxing and governmental units. The Trustee submits that no further notice is required.

25. Except as set forth herein, no previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order disallowing Claim 17, and for such other, further and different relief as this Court deems just and proper.

Dated: November 4, 2019
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Marianne T. O'Toole, as Chapter 7 Trustee

By: *s/ Salvatore LaMonica*
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500