Exhibit "J"

# Marshall Garson

**From:** Thomas C. Landrigan <tlandrigan@cll-law.com>
**Sent:** Monday, November 20, 2017 5:45 PM
**To:** 'Doug Pick'
**Cc:** 'Thomas C. Landrigan'
**Subject:** FW: Escrow Agreement

Doug: Just wanted you to see the various communications below as war may be breaking out perhaps. We shall see (Sigh). Tom

**From:** Michael Levine [mailto:ml@levlaw.org]
**Sent:** Monday, November 20, 2017 5:34 PM
**To:** igenuth@bridgewatercp.com
**Cc:** 'Stephen Friedman' <sfriedman@reisssheppe.com>; 'duvis 110' <duvis110@gmail.com>; david@dfleischmann.com; 'Yehuda Salamon' <yidel11219@gmail.com>; 'Sorvino, Heidi' <Sorvinoh@whiteandwilliams.com>; 'Stephen Friedman' <sfriedman@reisssheppe.com>; 'Thomas C. Landrigan' <tlandrigan@cll-law.com>; 'David Fleischmann' <david@dfleischmann.com>
**Subject:** RE: Escrow Agreement

Mr. Genuth:

I have been in meetings all day and just saw your e-mail. Thank you for confirming what I have been attempting to persuade my client for quite some time ... that there has never been any intention to comply with contractual obligations. It is war that you have declared; and it is war that you will get. We will see who is standing at the end.

Mike Levine

**Levine & Associates, P.C.**
*Attorneys-at-Law*
**15 Barclay Road**
**Scarsdale, NY 10583**
**Telephone (914) 600-4288**
**Fax (914) 725-4778**
**Cell (917) 855-6453**

**From:** igenuth@bridgewatercp.com [mailto:igenuth@bridgewatercp.com]
**Sent:** Monday, November 20, 2017 2:15 PM
**To:** Michael Levine <ml@levlaw.org>
**Cc:** 'Stephen Friedman' <sfriedman@reisssheppe.com>; 'duvis 110' <duvis110@gmail.com>; david@dfleischmann.com; 'Yehuda Salamon' <yidel11219@gmail.com>; 'Sorvino, Heidi' <Sorvinoh@whiteandwilliams.com>; 'Stephen Friedman' <sfriedman@reisssheppe.com>; 'Thomas C. Landrigan' <tlandrigan@cll-law.com>; 'David Fleischmann' <david@dfleischmann.com>
**Subject:** RE: Escrow Agreement

Please see below in red and thank you for your understanding.
You are welcome to call me with any questions.
'm looking to make this work but please don't throw my way items that your client is responsible for, since it's his responsibility to make all capital calls.

1

As soon as all monies are paid by your client which were laid out so far by Suffern Partners we will be able to move forward to completing our agreements.
We have no objection for your client to pay you since we have already given all the left over money from the deal $738,000.00 so that your client can pay your fees and all third party fees.
Looking forward to getting everything completed.


**ISAAC GENUTH**



54 W. 47th STREET Suite # 5FE | New York City, NY 10036
Tel: 212 244-1099
Cell: 917 750-9665
Web: www.bridgewatercp.com
Email: igenuth@bridgewatercp.com

CONFIDENTIALITY NOTICE: THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AND DELETE THIS MESSAGE PERMANENTLY FROM YOUR FILES.

**From:** Michael Levine [mailto:ml@levlaw.org]
**Sent:** Sunday, November 19, 2017 11:27 AM
**To:** David Fleischmann <david@dfleischmann.com>
**Cc:** igenuth@bridgewatercp.com
**Subject:** RE: Escrow Agreement

David:

I can only meet tomorrow; then I am gone until the 28th. If we cannot meet tomorrow, I will ask bankruptcy counsel to move to adjourn the hearing on the motion to dismiss the bankruptcy case, so that we can file, *inter alia*, a motion to set aside the transaction in which Suffern Partners LLC ("Suffern") purportedly obtained an interest in the Property purchased from Novartis by RS Old Mill. If that adjournment is not possible, I will have no choice but to file an objection to the bankruptcy discharge tomorrow. I think That should work for us as well since there are 2 vendors which were promised monies and never received which will be contesting as well. Therefore I would suggest we don't complete anymore signing of documents till the bankruptcy is over. There is no reason to sit for hours when a few days later this whole deal will unfold anyway I simply cannot allow the bankruptcy case to be dismissed unless and until (i) the escrow agreement is finalized and all necessary documents exchanged, and (ii) funds in payment of our accumulated legal fees are released from escrow.

On another front, I am advised that your client has issued checks from the Key Bank account of Suffern to various entities and individuals for what my client was told was "charity." As you know, my client is (through its designees) the 65% owner of the shares of Suffern. He did not, and does not, authorize any purported "charitable" gifts by Suffern at

2

this point in time. The dissipation of Suffern assets in such manner is neither authorized nor appropriate. As such, your client is hereby directed to immediately cease and desist from writing ANY check from the Suffern account without the prior approval of my client (which can be obtained through me). Additionally, your client is hereby directed to account for all disbursements from the Suffern account from the date of the Novartis closing to date. FYI the only reason there are monies in Suffern Partners is because your client wrongfully instructed Suffern Partners to take a loan on something that the bank made full payment for 1 year minimum insurance earned. Our lawyer advised us that this is a mistake and therefore we returned the balance of the money to the insurance company. At this point we still owe the insurance company approximately $54,00.00 plus interest and fees. Since your client has to pay all capital calls and fees, please have him give me a check ASAP so that the insurance company can be reimbursed. The only REASON he had to take the loan is because your client which is supposed to pay for ALL capital calls has failed to do so and is at this point in default under our agreement. Your client received since closing approximately $738,000.00 to which $500,000.00 was to pay third party expenses which included your fee and was given an extra $200,000.00 as a loan claiming that since he's responsible for all Capital Calls he will pay back the loan at that point. So far Suffern Partners needed to take a loan so that it could pay your clients obligations for the security to ISSM Protective Services Inc. 34,236.05, The law office of Amy Mele $6592.50, reimbursement for the RFP for Amazon Luxque $7029.15, Leonard Jackson Associates $5000.00 total. Suffern Partners took a loan, and laid out on behalf of your client $52,857.70 on which Suffern Partners is paying interest. All this is part of your clients responsibility in which he's supposed to pay all Capital Calls.

These shenanigans have gone on far too long and will not be tolerated for one minute longer. I have been restrained by my client from pursuing the actions that I have repeatedly counseled should be taken because he believed that your client was operating in good faith. He has now removed that restraint. Should this matter not be entirely resolved by the close of business tomorrow, all resolution offers should be considered withdrawn and we will take all appropriate and necessary actions immediately thereafter.

Kindly be guided accordingly.

Mike Levine

**Levine & Associates, P.C.**
*Attorneys-at-Law*
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-4288
Fax (914) 725-4778
Cell (917) 855-6453

**From:** David Fleischmann [mailto:david@dfleischmann.com]
**Sent:** Tuesday, November 14, 2017 3:02 PM
**To:** Michael Levine <ml@levlaw.org>
**Cc:** igenuth@bridgewatercp.com
**Subject:** Re: Escrow Agreement

I am sorry, I can't meet this week. I have two closing every day for the next week. Lets aim for late next week and will find a time to make this happen. I have no problem driving from brooklyn to your office

David Fleischmann, Esq.
Law Offices of David Fleischmann P.C.

2233 Nostrand Avenue, 3rd Floor
Brooklyn, New York 11210
Phone: (718) 650-6090
Fax: (718) 504-7835
david@dfleischmann.com

The information contained in this message is privileged and confidential as attorney-client communication and protected from disclosure. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to the message and deleting it from your computer.

On Mon, Nov 13, 2017 at 6:39 PM, Michael Levine <ml@levlaw.org> wrote:

David:

Attached is Draft 3 of the proposed escrow agreement. I have accepted most of your requested changes, with the following exceptions:

1. Your proposed new paragraphs 3E and F are not acceptable. E forfeits Membership interests in the event of a default. F dilutes Membership interests in the event of a failed capital call. However, there is sufficient collateral at all times to compensate for those.

2. The Declaration of Restriction was supposed to be a document filed in lieu of the Property Deeds so as to prevent any encumbrances being put thereupon while the same remained as collateral. The document you drafted went far beyond that. I redrafted it to comply with the original intent.

Also, after review by my client, I have added certain paragraphs and language to conform to what I am advised has already been agreed to.

Finally, as I previously indicated, the values of the property on the existing Schedule 10 are not agreed to and must be discussed directly among the clients. My proposal is as follows. We have what I believe to be a framework for a resolution of at least the escrow portion of the dispute, as reflected on the attached draft. I suggest that we have a face-to-face meeting with all clients being present this week to finalize that. If we can do that, great; if we cannot then we can all do whatever is necessary to protect our respective clients' rights. But it is imperative that we finalize this phase this week. Please let me know your and your client's availability.

Mike Levine

4

**Levine & Associates, P.C.**

*Attorneys-at-Law*

**15 Barclay Road**

**Scarsdale, NY 10583**

**Telephone (914) 600-4288**

**Fax (914) 725-4778**

**Cell (917) 855-6453**

---

Virus-free. www.avg.com