<pre>                                                          Relates to a Hearing on February 20, 2020</pre>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:                                            Case No.: 17-22218 (RDD)

RS OLD MILL, LLC,                                 Chapter 7

                    Debtor.

-------------------------------------------------------------------x

### OMNIBUS RESPONSE OF OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY AND CPIF LENDING, LLC TO OMNIBUS OBJECTIONS TO CLAIMS FILED BY YEHUDA SALAMON

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

By and through undersigned counsel, Old Republic National Title Insurance Company ("ORNTIC") and CPIF Lending, LLC ("CPIF") file this omnibus response to: (1) *Omnibus Objection To Claims 11-1 And 16-1 Filed By Suffern Partners LLC And Reduction In Claim 20-1 Filed By CPIF Lending LLC* filed on behalf of Yehuda Salamon ("First Omnibus Objection") [ECF No. 232]; and (2) *Omnibus Objection To Claim 21-1 Filed By Old Republic National Title Insurance And Claim 22-1 Filed By Mark Frankel, Plan Administrator* filed on behalf of Yehuda Salamon ("Second Omnibus Objection") [ECF No. 244] (collectively, "Objections").

### PRELIMINARY STATEMENT

The entry of this Court's January 14, 2020 Order rendered the Objections moot. Additionally, Yehuda Salamon lacks standing to object to the claims against Debtor's estate. For these and the reasons set forth below, the First Omnibus Objection seeking disallowance of Claim No. 21-1 filed by ORNTIC and Second Omnibus Objection seeking the partial reduction of Claim No. 20-1 filed by CPIF, must both be denied with prejudice.

# YEHUDA SALAMON LACKS STANDING TO OBJECT TO CLAIMS AGAINST DEBTOR'S ESTATE

1. Under § 502(a) of the Bankruptcy Code, "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). For the purposes of Chapter 11 proceedings, a "party in interest" includes "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee." 11 U.S.C. § 1121(c). However, in the context of a Chapter 7 proceedings, it is well-established that a Chapter 7 debtor does not have standing to object to a claim against the estate, unless "there could be a surplus after all creditors' claims are paid." Pascazi v. Fiber Consultants, Inc., 445 B.R. 124, 127 (Bankr. S.D.N.Y. 2011) *citing* In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000) (citations omitted). *See* In re Manshul, 223 B.R. 428, 429 (Bankr. S.D.N.Y. 1998).

2. "The rule is based on the assumption that the success of the debtor's objection cannot affect him because the debtor receives a distribution only after all creditors have been paid in full, and an estate will rarely have enough assets to do even that." Pascazi v. Fiber Consultants, Inc., 445 B.R. 124, 127 (Bankr. S.D.N.Y. 2011) (finding that "[A] surplus is highly unlikely in a liquidation proceeding, and standing based on a potential surplus is unlikely to succeed . . . [t]hus, the debtor usually has no pecuniary interest that would justify objecting to a claim.") (internal citations omitted). The only exception exists where the debtor can show a "reasonable possibility of a surplus once all claims are paid." Id.

3. In the context of creditors "absent leave of court, the chapter 7 trustee alone may interpose objections to individual proofs of claim." Id. Additionally, "leave to object is not generally accorded an individual creditor unless the chapter 7 trustee refuses to object, notwithstanding a request to do so . . . ." Id. "For the same reason that the Chapter 7 debtor and creditors usually may not object to the allowability of another creditor's claim when there is an

appointed trustee, the debtor's stockholders . . . lack the standing to object to the allowability of the claims of creditors to the debtor." Id. "[I]f every creditor were entitled to challenge the claim of another creditor . . . an orderly administration could degrade to chaos." Id. *citing* In re Manshul, 223 B.R. 428 (Bankr. S.D.N.Y. 1998).

4. Here, Yehuda Salamon bears the burden to establish his standing to object to the claims against Debtor's estate, which he has plainly failed to accomplish. Yehuda Salamon states only that he is "a creditor and principal of the Debtor" and "an interested party." Notwithstanding, Yehuda Salamon has not and cannot demonstrate the requisite standing in order to object to claims against Debtor's estate – as standing does not exist.

5. As a "debtor" or "interested party," Yehuda Salamon cannot demonstrate a possibility of a surplus once all claims are paid. As a "creditor," he did not seek the Bankruptcy Court's permission to object to the claims. Therefore, Yehuda Salamon does not have standing to challenge the claims against Debtor's estate, and the Objections must be denied in their entirety.

**YEHUDA SALAMON'S OBJECTIONS ARE MOOT PURSUANT TO THIS COURT'S JANUARY 14, 2020 ORDER**

6. Notwithstanding, the Objections and relief sought therein by Yehuda Salamon are now moot pursuant to this Court's entry of the January 14, 2020 Order that *inter alia*, approved settlement between Marianne T. O'Toole, as Chapter 7 Trustee ("Trustee") of Debtor's estate and Suffern Partners LLC ("Suffern"), and approved the sale of certain real properties to RS Old Mills RD LLC nunc pro tunc to September 5, 2017 in accordance with a stipulation of settlement between the Trustee and Suffern ("Stipulation"). *See* ECF No. 138. Pursuant to the Stipulation, a claim fund in the amount of two million five hundred thousand dollars ($2,500,000.00) has been established for the Trustee to pay all administrative expenses and/or allowed claims against the Debtor's estate, with any remaining balance to be returned to Suffern.

7.      As represented to the Court at the hearing conducted on January 10, 2020, the proofs of claim of CPIF, ORNTIC, and Mark Frankel, will be withdrawn in connection with the settlement between the Trustee and Suffern. *See* ECF No. 263 at 57-58. Likewise, Suffern will withdraw its proof of claim against the Debtor's estate. Id. But for the filing of a notice of appeal of the January 14, 2020 Order, each of the claims that are the subject of the Objections would have already been withdrawn.

8.      Yehuda Salamon's filing of the Objections demonstrates his prior gross attempts to misuse the Bankruptcy Court process and continuing efforts to commit further fraud upon this Court.

## CONCLUSION

**WHEREFORE**, CPIF and ORNTIC respectfully request that the Court enter an Order denying the First Omnibus Objection seeking disallowance of Claim No. 21-1 filed by ORNTIC and Second Omnibus Objection seeking partial reduction of Claim No. 20-1 filed by CPIF, with prejudice, and for such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
         February 13, 2020

**BUTLER, FITZGERALD, FIVESON
 & McCARTHY**
A Professional Corporation
*Attorneys for CPIF Lending, LLC &
Old Republic National Title Insurance Company*


By:  */s/ David K. Fiveson*
       David K. Fiveson, Esq.
A Principal of the Firm
9 East 45th Street, Ninth Floor
New York, New York 10017
(212) 615-2200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:  Case No.: 17-22218 (RDD)

RS OLD MILL, LLC,  Chapter 7

              Debtor.

-------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, David K. Fiveson, Esq., hereby certify that on February 13, 2020, the foregoing **OMNIBUS RESPONSE OF OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY AND CPIF LENDING, LLC TO OMNIBUS OBJECTIONS TO CLAIMS FILED BY YEHUDA SALAMON** was filed and served on all counsel of record by this Court's CM/ECF system.

Dated: New York, New York
       February 13, 2020

                                        **BUTLER, FITZGERALD, FIVESON**
                                          **& McCARTHY**
                                        A Professional Corporation
                                        *Attorneys for CPIF Lending, LLC &*
                                        *Old Republic National Title Insurance Company*

                                        By: */s/ David K. Fiveson*
                                              David K. Fiveson, Esq.
                                        A Principal of the Firm
                                        9 East 45th Street, Ninth Floor
                                        New York, New York 10017
                                        (212) 615-2200