WILLIAM K. HARRINGTON
United States Trustee for Region 2
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510-0500
By: Greg M. Zipes
Trial Attorney

Hearing Date: September 3, 2020
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x
In re                                                     :   Case No. 17-22218-rdd
                                                          :
RS OLD MILL, LLC,                                         :   Chapter 7
                                                          :
    Debtor.                                               :
                                                          :
--------------------------------------------------------- x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the annexed declaration of Greg M. Zipes and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2, will move this Court before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on **September 3, 2020 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for entry of an order under General Order M-399, and this Court's inherent power to sanction parties for improper conduct, canceling the ECF Password of Joseph Paukman.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Motion shall be filed with the Court and served on the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014, Attention: Greg M. Zipes, Trial Attorney, so as to be received no later than seven days prior to the hearing date. Responsive papers shall state the factual grounds and legal authorities that

support the respondent's position, either in the response or in a memorandum of law. Failure to provide this information may be grounds to strike the response or to grant the Motion by default.

Dated: New York, New York
       June 15, 2020

                          WILLIAM K. HARRINGTON,
                          UNITED STATES TRUSTEE

*By:*   */s/ Greg M. Zipes*
      Greg M. Zipes
      Trial Attorney
      201 Varick Street, Room 1006
      New York, New York 10014
      Tel. No. (212) 510-0500

WILLIAM K. HARRINGTON
United States Trustee for Region 2
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510-0500
By: Greg M. Zipes
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
                                                      :    Case No. 17-22218-rdd
In re                                       :    (Chapter 7)
                                                      :
RS OLD MILL, LLC,                 :
                                                      :
                      Debtor.            :
---------------------------------------------------------- x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE IN SUPPORT OF A
MOTION SEEKING REVOCATION OF ECF PASSWORD**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

       This memorandum of law is respectfully filed in support of the motion (the "**Motion**") of William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**") for an order: (a) under General Order M-399, and this Court's inherent power to sanction parties for improper conduct, revoking or suspending the ECF Password of Joseph Paukman ("**Paukman**"), and (b) for such other and further relief as this Court may deem just and proper. The United States Trustee respectfully represents and states as follows:

## I.    INTRODUCTION

       The United States Trustee request that this Court exercise its inherent power and revoke the ECF password privileges of Mr. Paukman. Mr. Paukman's ECF password was used to file at least 20 documents in this case. Mr. Paukman never appeared in Court to argue any of his

pleadings. The Chapter 7 trustee was required to file motions to expunge and other responses, all of which were granted by the Court. Mr. Paukman did not meet minimal standards of diligence in reviewing the pleadings filed under his name, and the sheer number of filings points to a knowing disregard for the Court's procedures and his obligations as counsel appearing in bankruptcy court. For these reasons, this Court should revoke Mr. Paukman's ECF password.

## II. BACKGROUND

### A. General Background

1. On February 13, 2017 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. ECF No. 1.

2. The Debtor, a Delaware limited liability company, was apparently formed to purchase property located at 25 Old Mill Road, Suffern and Montebello, New York (the "**Property**") from Novartis Corporation. See Affidavit of Yehuda Salamon Pursuant to Local Bankruptcy Rule 1007-2 (the "**Salamon Affidavit**") at ¶ 2. ECF No. 4. The Property included a large commercial warehouse/distribution facility. Id.

3. The U.S. Trustee did not appoint an Official Committee of Unsecured Creditors.

4. By Order dated June 5, 2019, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. See Dkt. No. 102.

5. Marianne T. O'Toole was appointed as the interim Chapter 7 trustee and has since qualified as the permanent Chapter 7 trustee (the "**Chapter 7 Trustee**").

### B. The Paukman Filings

6. Mr. Paukman's ECF password has been used to file no less than 20 pleadings in this case. See Zipes Decl. at ¶¶ 5-6. The declaration identifies two main areas of involvement by Mr. Paukman. The first category includes objections and motions relating to proofs of claims

that were filed using Mr. Paukman's ECF password (the "**Paukman Pleadings**"). Of the Paukman Pleadings, at least 10 pleadings did not contain Mr. Paukman's signature at all, but rather were signed by "pro se" creditors even while using his ECF password. Id. at ¶ 5. The second category includes the actual proofs of claims using Mr. Paukman's ECF password, again signed by alleged "pro se" creditors (the "**Paukman Proof of Claims**"). Id.

7. Mr. Paukman has not appeared in Court to defend his pleadings, and in the end, all his clients' claims were expunged. Id.

    **C.**    **Representative Filing: Beauty Bragg**

8. The filings of an entity known as "Beauty Bragg" are representative of filings by Mr. Paukman's clients in this case. On or about August 30, 2019, Beauty Brag filed Claim No. 15, in the amount of $982,210 (the "**Beauty Brag Claim**") using Mr. Paukman's password.

9. On November 4, 2019, the Chapter 7 Trustee filed a motion to expunge the claim (Dkt. No. 172). The Chapter 7 Trustee asserted that "Claim 15 [the Beauty Brag Claim] was executed under penalty of perjury by David Salamon . . . David Salamon is the son of Yehuda Salamon, the Debtor's 100% owner." ("**Beauty Braggs Expungement Motion**").

10. On November 29, 2019, Beauty Braggs filed an objection to the Beauty Braggs Expungement Motion (the "**Beauty Braggs Objection**"). Dkt. No. 197. The Beauty Braggs Objection was signed by Mr. Paukman, and in the Objection, Mr. Paukman made representations without explaining how he had knowledge of the facts being asserted. These representations

3

included the following:

> Notably, there is no dispute that – per the instructions of the Debtor – over two 48-foot truckloads, loaded with nearly $1,000,000 worth of products, were sent to 25 Old Mill Road. These products were stored at the Debtor's facility and have not been seen since.

See Zipes Decl. Ex. A.

11. On January 16, 2020, the Court entered an order granting the Beauty Brag Expungement Motion (the "**Expungement Order**"). Dkt. No. 239.[1]

### III. LEGAL ARGUMENT

Bankruptcy Courts in the Southern District of New York have implemented the Case Management/Electronic Case File System, referred to as "ECF." See Southern District of New York Bankruptcy Local Rule (the "**Local Rule**") 9001-1(a)(6). General Order M-399 ("**M-399**") implement the ECF rules. See M-399.[2] Under M-399 the Clerk of Court is authorized to establish guidelines ("**ECF Guidelines**"), approved by the Board of Judges, for all aspects of the Court's electronic case filing system.

"**Use of a System account to file a document on the System constitutes the signature of the System account holder.**" See M-399(II)(c) (Emphasis in original). According to the ECF Guidelines established by the Clerk of the Court and approved by the Board of Judges, the Clerk of the Court retains the discretion to cancel the ECF password. See M-399(I)(B)(6).

---

[1] Mr. Paukman also filed an objection to a settlement by the Chapter 7 Trustee, which objection was overruled in the Expungement Order.
[2] Local Rule 5005-2 contains a link to M-399.

4

According to Bankruptcy Rule 9011(b), the signature by an attorney or unrepresented party on any paper filed with the court constitutes a certification as follows:

[T]hat to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

> 1. it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> 2. the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> 3. the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> 4. the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr.P. 9011(b).

At a minimum, Rule 9011(b)(3) places on attorneys a duty to make at least some affirmative investigation into the facts represented in documents submitted to the court. In re Obasi, 10–10494 SHL, 2011 WL 6336153 at *5 (Bankr.S.D.N.Y. Dec. 19, 2011). While "the investigation performed by a signatory need not be to the point of certainty to be reasonable," a "signer must explore readily available avenues of factual inquiry." In re Obasi at *5. (internal citations omitted).

The Court has the inherent power to sanction parties for improper conduct. In re Rainbow Magazine, Inc., 77 F.3d 278, 283-84 (9th Cir. 1996); see also In re Dickerson, 2009 WL 466457, at *9 (Bankr. N.D.N.Y. 2009) (bankruptcy court has the inherent authority to regulate attorney practice before the court, including the ability to disbar or suspend an attorney). Sanctions "made under the court's inherent powers may be made against an attorney, a party, or

both." Jackson v. Levy, 2000 WL 124822, at *6 (S.D.N.Y. Feb 2, 2000).  The inherent power of the court to sanction includes the ability to issue an injunction limiting litigation activities in order to protect its jurisdiction.  Martin-Trigona v. Lavien (In re Martin-Trigona), 737 F.2d 1254, 1262 (2d. Cir. 1984).

There is an ample basis for revoking Mr. Paukman's ECF privileges.  It appears that Mr. Paukman did not undertake the requisite review of the pleadings he filed under his ECF Password as required by M-399 and Bankruptcy Rule 9011.  As demonstrated in the Zipes Declaration, at least ten pleadings filed using Mr. Paukman's password were filed without Mr. Paukman's signature on the document filed.  See Zipes Decl. at ¶ 5 (Dkt. Nos. 207, 208, 209, 210, 211, 225, 226, 227, 228 and 229).  But regardless, Mr. Paukman's ECF password was used, indicating his consent for the filings.

With respect to the claim filed by the creditor, Beauty Braggs, Mr. Paukman filed the Beauty Braggs Objection, which contains representations regarding factual matters yet the Objection was not accompanied by a statement sworn under penalty of perjury by a person with knowledge of the facts.  The question then arises.  What was the legal support for the allegations contained in the Beauty Braggs Objection?  For example, did Mr. Paukman file an Objection based on information told to him by a client?  If so, what steps did he take to determine if the allegations were reasonably true?  Or instead, did Mr. Paukman file an Objection which contained factual matters that he knew personally?  The role of Mr. Paukman is not clear – was he simply an attorney for various clients, or does he have a business or other relationship with the creditors and possibly the underlying property?  See Zipes Decl. Ex. A.

As demonstrated above, Mr. Paukman did not appear in Court to defend any of his pleadings, demonstrating at the very least a basic lack of diligence.  In most instances, the

Chapter 7 trustee was required to file pleadings in response to Mr. Paukman's filings, expending estate resources. There is simply no explanation as to why his ECF password was used in this way. Accordingly, the United States Trustee requests that pursuant to this Court's inherent power to sanction parties for improper conduct and M-399, the Court enter a final order to revoke Mr. Paukman's ECF password privileges for the United States Bankruptcy Court, Southern District of New York.

### IV. **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court grant the United States Trustee's Motion: (a) under General Order M-399, and this Court's inherent power to sanction parties for improper conduct revoking his ECF Password privileges for the Bankruptcy Court for the Southern District of New York, and (b) for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
　　　　June 15, 2020

　　　　　　　　　　　　　　　　　　　　　　　WILLIAM K. HARRINGTON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES TRUSTEE

　　　　　　　　　　　　　　　　　　*By:*　　*/s/ Greg M. Zipes*
　　　　　　　　　　　　　　　　　　　　　　　Greg M. Zipes
　　　　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　　　　201 Varick Street, Room 1006
　　　　　　　　　　　　　　　　　　　　　　　New York, New York  10014