**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re :
:

RS OLD MILL, LLC,

                                 Case No. 17-22218-rdd
                                 (Chapter 7)

-against-                                 Motion for Evidentiary deposition of
                                 **Yahuda Salamon and Samuel Festinger**

-----------------------------------------------------------X

## NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the annexed declaration of Joseph Paukman and the accompanying Exhibits, Joseph Paukman, will move this Court before the Honorable Judge Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court, 300 Quarropas St. White Plains, NY 10601 on July 27 2022 at 10:00 a.m., or as soon thereafter as counsel can be heard, 1) for Evidentiary deposition of **Yahuda Salamon and Samuel Festinger** as to the alleged set-up against me in this Court where Zipes filed a sanctions motion against me.

PLEASE TAKE FURTHER NOTICE that any responses to the Motion shall be filed with the Court and served on the Joseph Paukman 2609 East 14th Street # 377 Brooklyn NY No less than 7 days before the hearing of this motion.

Dated: June 19, 2022
       Brooklyn, New York

                                        Very truly yours,
                                        /s/ Joseph Paukman
                                        Joseph Paukman
                                        2609 East 14th street # 377
                                        Brooklyn NY 11235
                                        718-736-4050

1

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:

RS OLD MILL, LLC,

                                                                Case No. 17-22218-rdd
                                                                (Chapter 7)

                                                                 **Declaration**
-----------------------------------------------------------------X

Joseph Paukman, an attorney duly admitted to the practice of law in the state of New York. Affirms and this SDNY Bankruptcy Court, under penalty of perjury, under 28 U.S.C. § 1746:

1) I served as counsel for various creditors in the above-captioned action. I was retained to review and file papers, drafted by their primary attorney; I was not hired for appearances, because I declined offers to tape record your Honor's Court hearings and charged a modest sum of a few hundred dollars for the filings.

**<u>Evidentiary hearing of Yahuda Salamon and Samuel Festinger as to why their company received money from Oceana Holding Corp.</u>**

2) It is suggested that I was railroaded into these filings by a Criminal judgment Debtor in a case where I represent the estate of Kenneth Thompson who died of heart failure a few weeks after Judgment Debtor stole his money and upon documentary evidence and belief, It is suggested that certain parties who railroaded me into this case are on Judgment Debtor's company Oceana Holding Corp. payroll and had tricked me into filing documents drafted for the specific purpose of getting me in trouble with this Court.

2

3) Judgment Debtor has submitting forged notaries to Kings County Probate Court, Kings County Supreme Court and EDNY federal District Court and no one seems to care, I ask that the same standard of conduct be applied to Judgment Debtor's counsel as was applied to me ~~(See below and Expert affidavit of forged signatures)~~.

4) If this Court so wishes I will provide evidence, *in camera*, that my ex-employer is on Judgment Debtor's payroll.

5) Judgment Debtor's vigorous litigation tactics abetted by my ex-employer, in paying me money to file documents in this Court and casting aspersions upon me in several Courts and suppressing Judgment Debtor's assets and income to avoid paying judgment creditors is an indication that Judgment debtor and Oceana Holding Corp. may be guilty of the forged notaries and forged signatures alleged below.

6) You don't need to be a handwriting expert to realize that Aron O. Bronstein participated in and filed a Kings County Supreme Court probate, index # 2013-2725, with Judgment Debtor forging signature of his mother as the executrix of deceased father's estate (It is relevant to note that the notary Raquel Vasserman, maintains a law office in 161 Brighton 11th Street, suite 7a, Brooklyn NY, a property owned by Oceana Holding Corp., which Aron O. Bronstein controls and owns under the guise of his mother Rosa Bronstein) . *See below (one of many forged signatures notarized by Raquel Vasserman and submitted to several Courts by counsel.).*

**COMBINED VERIFICATION, OATH AND DESIGNATION**
[For use when petitioner is an individual]

STATE OF NEW YORK         )
COUNTY OF __KINGS__       ) ss.:

The undersigned, the petitioner named in the foregoing petition, being duly sworn, says:

1. VERIFICATION: I have read the foregoing petition subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

2. OATH OF [X] EXECUTOR   [ ] ADMINISTRATOR c.t.a.   [ ] TRUSTEE as indicated above: I am over eighteen (18) years of age and a citizen of the United States and I will well, faithfully and honestly discharge the duties of Fiduciary of the goods, chattels and credits of said decedent according to law. I am not ineligible to receive letters and will duly account for all moneys and other property that will come into my hands.

3. DESIGNATION OF CLERK FOR SERVICE OF PROCESS:   I hereby designate the Clerk of the Surrogate's Court of __Kings__ County, and his/her successor in office, as a person on whom service of any process, issuing from such Court may be made in like manner and with like effect as if it were served personally upon me, whenever I cannot be found and served within the State of New York after due diligence used.

My domicile is: __70 OCEANA DRIVE WEST, APT. 5H, BROOKLYN, NY 11235__
(Street Address) (City/Town/Village) (State) (Zip)

__Rosa Bronstein__
(Signature of Petitioner)

__ROSA BRONSTEIN__
(Print Name)

On __JUNE 17__, 20 __13__, before me personally came __ROSA BRONSTEIN__ to me known to be the person described in and who executed the foregoing instrument. Such person duly swore to such instrument before me and duly acknowledged that he/she executed the same.

__Raquel Vasserman__
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

[Notary stamp: RAQUEL MICHAELA VASSERMAN, Notary Public, State of New York, Qualified in Kings County, Commission Expires March 28, 2015]

Signature of Attorney: __Raquel Vasserman__
Print Name: __RAQUEL VASSERMAN__
Firm Name: __VASSERMAN LAW GROUP, P.C.__   Tel No.: __917-929-7477__
Address of Attorney: __161 Brighton 11th Street, Suite 7A, Brooklyn, NY 11235__

-5-

4





5





7) Blatant forgeries and forged notaries in New York federal, probate, and State Supreme Court is clear and convincing proof of Judgment debtor and his company Oceana Holding Corp Counsel's lack of respect for the Judicial system.

8) I have corroborating Aron O. Bronstein financial records, similar to the forged checks ~~below~~, tying Aron O. Bronstein to this set up in Bankruptcy Court, where I was tricked into filing documents that upon information and belief Oceana Counsel had drafted to get me in trouble with this Court.

1) No lawyer should have to go through what I had to go through with Oceana Holding Corp. Holy War against me for representing my Client.

2) **First:** On April 19, 2016 Oceana Holding Corp. and its counsel, filed a frivolous Kings county action against me which they discontinued prosecution when it was uncovered that affidavits in that case were also notarized forgeries by Oceana

7

Holding Corp . counsel Irene Korenblit and Raquel Vasserman, esq.; documents falsely notarized and filed by Oceana counsel include Aron O. Bronstein forging his Mother's signature.

3) Oceana Holding Corp. discontinued prosecution of the retaliatory action February 6, 2017 after it was learned that the *Oceana Holding Corp. v Joseph Paukman* action was verified with Judgment Debtor forging his mother's signature. *Oceana Holding Corp. v Joseph Paukman.* The retaliatory lawsuit is another example of attempted intimidation to assist Judgment Debtor to willfully fail to pay restitution.

4) **Second;** In regards to what happened in 2021, If the Court wants me to I will explain how Oceana Holding Corp ~~and upon information and belief Daniel Steinberg~~ set me when my employer, unknown to me at the time, was on Oceana Holding Corp. payroll, My notary was forged to notarize the signature of a dead man, among other occurrences. see below, Kings County case letter and index number.

8

**JOSEPH PAUKMAN**
ATTORNEY AT LAW

2661 Coney Island Ave # 107
Brooklyn, NY 11223
tel: (718) 736-4850
fax: 718-736-4050
336@tuta.io

February 22, 2021

Re:   524695/2018

Dear Hon. Lillian Wan

I signed Docket 28 as incoming counsel but the below notary was not executed by me and William Goodman did not personally appear before me.

*[signature]*
William Goodman
MANAGER, CALL DAILY LEASING Corp.

Brooklyn NY 11204
(516)933-4200
Incoming Counsel

On the    day of         in the year 20 21 before me, the undersigned, personally appeared William Goodman , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

JOSEPH PAUKMAN
NOTARY PUBLIC, State of New York
No. 02PA6352127
Qualified in Kings County
Commission Expires 12/19/20__

_____
Notary Public

9

At best Docket 28 filed by Mark Yosef is a mistake and at worst is a setup, similar to a Bankruptcy Court case where I was tricked into filing multiple documents by a Judgment debtor who I am enforcing a $20,000,000.00 (twenty million dollar judgment against) and his counsel Daniel Steinberg and Raquel Vasserman who have a history of submitting forged documents and

notaries to State and Federal Courts. without reprimand. Should the Court require me to reveal said forgery I will provide them for *in camera* review.

Respectfully submitted

_____ S Joseph Paukman _____

5) **Third;** There are numerous forgeries of my notary on ACRIS similar to the forgery above.

6) **Fourth**: if this Court wants me to I will describe other acts committed against me

9) I assure the Court that I will continue to review all my filings, including affidavits of my clients and will continue to sign documents when so needed pursuant to Fed.R.Civ.P. 11.

10) I reviewed the documents that I filed in the above-captioned matter and had no reason to doubt the creditors. It is suggested that the Trustees failure to prosecute the creditors' means that neither did the trustee have reason to doubt the creditors. The

10

creditors and their attorney wanted me to review and file documents and so I did. I questioned as to validity of creditors claims and had no reason to doubt the claim, (Some of the claims were granted and some were denied by your Honor).This letter motion is to **depose Yahuda Salamon and Samuel Festinger**

7) Courts have long recognized their own inherent power to protect themselves and other parties from various forms of bad faith litigation, including the falsification of evidence. As the Supreme Court emphasized in HazelAtlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 this inherent power is a crucial mechanism for protecting the integrity of the judicial process: [T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. . . . The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.6 The inherent power to "fashion appropriate sanction[s] for conduct which abuses the judicial process" was reaffirmed by the Supreme Court in Chambers v. NASCO, Inc.501 U.S. 32, 44 (1991). Where falsification occurs in the midst of ongoing judicial proceedings, and is specifically directed at affecting those proceedings, it often is termed "fraud on the court." A court, as an exercise of this inherent authority, may sanction fraud on the court through dismissal (if the falsifier is the plaintiff) or default (if the falsifier is the defendant).Some examples are; Pope v. Fed. Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (affirming sanction of dismissal for plaintiff's forgery of, and reliance on, a single document); Aoude v.

11

Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989) (affirming dismissal where plaintiff concocted a single document).

8) An oft-quoted passage from one of the leading evidence treatises explains: It has always been understood—the inference, indeed is one of the simplest in human experience—that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, and all similar conduct is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference thus does not necessarily apply to any specific fact in the cause, but operates, indefinitely though strongly, against the whole mass of alleged facts constituting his cause. J. WIGMORE, EVIDENCES § 278, at 133 (Chadbourn ed. 1979).

9) Forgery is not a victimless crime as this forgery has obstructed my client from collecting a judgment. Courts often describe the litigation process as having a truth-seeking function. An obstacle to truth seeking has reared its ugly head. Opposing counsel's aiding and abetting in forged notaries and affidavits are intentionally designed to subvert the truth-seeking discovery function of Aron O. Bronstein's assets and income.

10) Falsification is a serious problem, for two reasons. First it had an enormously detrimental impact on the litigation process where the lower Court, among others was deceived to believe that presumably third parties other than Appellant's client, Judgment Debtor, Bronstein, were signing Court documents, in reality Judgment Debtor has been forging his family members' signatures that Counsel notarized and

12

and submitted

11) Most obviously, undetected falsification can lead directly to incorrect results. In criminal cases, innocent people can be imprisoned or criminals can go unpunished. And in civil cases, large sums of money or important legal rights can be undeservedly lost or won. Judgment Debtor's notarizations of forged signatures have abetted in hiding Judgment Debtor's income stream and assets from creditors

12) But falsification has other deleterious effects. Where one side of a dispute suspects the other of engaging in falsification, it results in litigation that is much more expensive and time-consuming for judgment creditors, such as Kenneth Thompson's subpoenas of forged checks, affidavits and notaries.

13) Oceana Holding Corp. falsification adds a fact-intensive issue (e.g., if the signatures and affidavits are forgeries) that can require additional discovery, expenses for various types of forensic experts, increased Court time and an undue burden on the Court's facilities. In addition, counsel's falsification erodes public respect for the judicial system: to the extent that the public believes falsification is common, it will distrust the results reached by the judicial system and will lose faith in the judiciary as reliable sources of justice.

14) The seriousness of Oceana Holding Corp's falsification is reflected both by the numerous remedies that Courts have developed to address it (some of which will be discussed below) and also by the legislative response. Falsification is a serious crime in most, if not all, jurisdictions. Various specific types of falsification violate federal criminal laws. See, e.g., 18 U.S.C. § 1621 (perjury punishable by up to five years' imprisonment); 18 U.S.C. § 1519 (knowing falsification or destruction of documents

or other tangible objects punishable by up to 20 years' imprisonment); 18 U.S.C. § 1520 (destruction of certain corporate audit records punishable by up to 10 years of imprisonment). And knowing destruction or falsification of documents in an attempt to influence the outcome of a judicial proceeding also violates the general "obstruction of justice" law. 18 U.S.C. § 1503. See, e.g., U.S. v. Craft, 105 F.3d 1123, 1128 (6th Cir.1997) ("Acts that distort the evidence to be presented or otherwise impede the administration of justice are violations of 18 U.S.C. § 1503. The act of altering or fabricating documents used or to be used in a judicial proceeding would fall within the obstruction of justice statute if the intent is to deceive the court."). All states have similar laws Judiciary law section 487, attorney deceit.

15) As the Supreme Court emphasized in HazelAtlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 this inherent power is a crucial mechanism for protecting the integrity of the judicial process: [T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. . . . The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.6 The inherent power to "fashion appropriate sanction[s] for conduct which abuses the judicial process" was reaffirmed by the Supreme Court in Chambers v. NASCO, Inc.501 U.S. 32, 44 (1991). Where falsification occurs in the midst of ongoing judicial proceedings, and is specifically directed at affecting those proceedings, it often is termed "fraud on the court." A court, as an exercise of this inherent authority,

14

may sanction fraud on the court through dismissal (if the falsifier is the plaintiff) or default (if the falsifier is the defendant).Some examples are; Pope v. Fed. Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (affirming sanction of dismissal for plaintiff's forgery of, and reliance on, a single document); Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989) (affirming dismissal where plaintiff concocted a single document).

Wherefore the Constitutional result is to allow me to depose deceitful actors who have used this Court, among others, for fraud upon the Court and upon myself

Respectfully submitted,

/s/Joseph Paukman
Joseph Paukman